## ALFRED L. GOODRICH *vs*. ALBERT N. STANTON.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

None of the " common counts " furnish an appropriate statement of the liability of an indorser of a promissory note, and therefore these cannot be used where that is the cause of action relied upon.

Where a single transaction resulting in the indorsement of two independent notes, upon which a recovery is sought, has been stated in two counts, the plaintiff ought not to be permitted to file additional counts, each setting out the transaction in a slightly different way, simply for the purpose of giving it a different legal aspect. The

Goodrich v. Stanton.

facts should be averred once for all, and the court left to draw the proper legal inferences.

The place, and the only place, for the *ad damnum*, or claim for relief, is at the foot of the complaint, regardless of the number of counts which it contains.

A single count upon two independent obligations maturing at different dates, is demurrable for misjoinder.

An independent cause of action which does not mature until after the commencement of the suit, cannot be made the basis of an additional count, or supplemental pleadings, in an action at law, even though it sprang from the transaction set forth in the original pleading.

A promise to pay by the note of a third person indorsed by the promisor, *prima facie* implies an unrestricted indorsement.

Where a note indorsed "without recourse" appears to have been twice signed by the payee and indorser, the exact nature of his undertaking is ambiguous. It may be that his second signature was a distinct and separate act and was intended to create the unrestricted liability of an ordinary indorser, and thereby induce the indorsee to accept the note which he had hitherto refused because of the restricted nature of the first indorsement; and these facts if pleaded by the plaintiff and indorsee, in an action on the note, may be shown by parol evidence.

Argued November 9th, 1898—decided January 4th, 1899.

ACTION by an indorsee against the indorser of two promissory notes, brought to the Superior Court in Fairfield County and tried to the court, *Robinson, J.*, upon the defendant's demurrer to the amended complaint; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error.*

The action was originally brought in October, 1892, for $1,500, on the common counts. In 1897, a so-styled "supplemental complaint" was filed, containing a "second" and "third" count. The second count was in the ordinary form, on an indorsement of a note for $1,000, drawn to the order of the defendant, due and dishonored on May 12th, 1892. The third count was in similar form, the note described being one payable November 14th, 1892. Copies of the notes and indorsements were afterwards filed as exhibits, and were as follows : —

Goodrich *v.* Stanton.

### Exhibit A, under Second Count.

" $1,000.                    BRIDGEPORT, CT., Nov. 9th, 1891.

" Six months after date, I promise to pay to the order of Albert Stanton, one thousand dollars, at First National Bank, with interest at 6%.

" Value received.                    CHAS. E. WELLBORO.

" No. 1.    Due May 12."

Indorsed on back as follows : —

" Without recourse, pay to the order of Alfred L. Goodrich.

                                " ALBERT STANTON.
                                " ALBERT N. STANTON.

" Pay order, H. H. Remington.

                                " ALFRED L. GOODRICH."

### Exhibit B, under Third Count.

" Int.  $60.83  }
       $1,000.00  }  $1,060.83.

                        " BRIDGEPORT, CT., Nov. 9th, 1891.

" Twelve months after date, I promise to pay to the order of Albert Stanton, one thousand dollars, at First National Bank, with interest at 6%.

" Value received.                    CHAS. E. WELLBORO.

" No. 2.    Due Nov. 12."

Indorsed on back as follows : —

" Without recourse, pay to the order of Alfred L. Goodrich.

                                " ALBERT STANTON.
                                " ALBERT N. STANTON.
                                " ALFRED L. GOODRICH."

A demurrer to both counts was sustained, on the ground that the indorsement was without recourse.

A " sustituted supplemental complaint " was then filed, containing another " second count." This set forth the following state of facts : On November 16th, 1891, the plaintiff sold a

Goodrich v. Stanton.

yacht to the defendant, which he was to pay for by two notes similar to exhibits A and B, with his indorsement. On November 24th, the defendant tendered the notes, indorsed, "Without recourse, pay to the order of Alfred L. Goodrich. Albert Stanton." The plaintiff refused to accept them, unless indorsed by the defendant without restriction of liability, and so notified the defendant. To induce the plaintiff to accept the notes and deliver the yacht, the defendant, on November 27th, indorsed them on the terms stipulated by the plaintiff, as appears by the second indorsement of "Albert N. Stanton," and thereupon the plaintiff accepted the notes and delivered the yacht. Demand and notice as to each were then alleged.

A demurrer was filed to this count, on various grounds upon which it was claimed that no cause of action was alleged, and also to so much of it as counted on a note coming due after the action was begun. It was sustained, as to the point that no cause of action at all was shown, but overruled as to the point last mentioned.

"Additional counts" were then filed, comprising a third, fourth, fifth and sixth, each stating the transaction in a slightly different form, and each seeking a recovery on both notes and concluding with a claim for $2,500 damages. Each of these counts was held insufficient on demurrer, and final judgment thereupon rendered for the defendant. He filed a bill of exceptions, after the plaintiff had appealed, to the ruling against him as to the point raised by the demurrer to part of the substituted second count; and it was allowed and made part of the record.

*William D. Bishop, Jr.,* and *William B. Boardman,* for the appellant (plaintiff).

It is the plaintiff's contention, that the primary meaning of the word "indorsement" includes not only a transfer of the title, but also the undertaking of a conditional liability. 6 Amer. & Eng. Ency. of Law (2d ed.), 256–7; *Clark* v. *Sigourney,* 17 Conn. 511, 519; 1 Dan. Neg. Inst. §§ 666, 667; 2 Rand. Com. Paper, § 701; Nor. Bills & Notes (2d ed.), 109;

Goodrich *v.* Stanton.

2 Chit. Pl. 221; 4 Amer. & Eng. Ency. of Law, 277, *n.* 4. Granting the defendant's contention that the original contract was for a restricted indorsement, then the defendant, by the tender of the notes, as first indorsed, performed all that he was bound to do. His right to the yacht was immediately perfected. The plaintiff, however, refused absolutely to surrender the yacht, declaring that the contract was not complied with. Accordingly, in consideration that the plaintiff would surrender the yacht and forego all contest in regard to the true construction of the original contract, and the delay connected therewith, the defendant made a new contract, evidenced by his unrestricted indorsement thereon. That such an indorsement can never be varied by parol evidence, is settled beyond controversy. *Dale* v. *Gear*, 38 Conn. 15. Parol evidence is admissible to show what was the condition of the paper, when the contract was finally signed. This does not vary the terms of the contract, but simply shows what the terms were. Thus it could be shown that certain erasures were made before the paper was adopted as the expression of the final compact of the parties. *Stewart* v. *Eddowes*, L. R. 9 C. P. 311. If the indorsement upon the back of a note is so placed, or if the contract is so ambiguous upon its face as to leave it doubtful what the real intention of the parties is, parol evidence may be resorted to in order to establish the true relation of the parties to the note and to each other. *Cook* v. *Browne*, 62 Mich. 473; *Latham* v. *Flour Mill*, 68 Tex. 127; *Coke* v. *Pottsville Bank*, 116 Pa. St. 264; 4 Amer. & Eng. Ency. of Law, 150, 154, *n.* 5; Bro. Parol Ev. § 85.

*John W. Alling*, for the appellee (defendant).

The plaintiff cannot be heard upon his first reason of appeal. He, in effect, withdrew his supplemental complaint when it had been successfully demurred to, and filed in lieu thereof his substituted supplemental complaint, which took the place of the second and third counts of the supplemental complaint and eliminated the latter from the record by the substitution. The demurrer to the substituted supplemental

Goodrich *v.* Stanton.

complaint was properly sustained. The plaintiff here sets forth his claimed causes of action in one count, instead of two, embodying both notes. What induced the transfer of the notes, is immaterial, as the legal effect of the second signature is purely a question of law, to be determined from an inspection of the notes themselves, irrespective of all extraneous facts and circumstances. Both plaintiff and defendant were equally competent to judge of the sufficiency of the contract and the scope of legal obligation imposed by it. The defendant, even if he did represent that the indorsement was unrestricted in its character, abused no relation of trust or confidence towards the defendant. The parties were in positions of equal advantage and there is no suggestion of fraud or deception, and even if there were, the plaintiff is not suing for fraud but upon the indorsements. This restricted contract of indorsement cannot be enlarged unto an unrestricted one, by alleging or attempting to show collateral agreements, representations, intentions, demands or other facts, at variance with the terms of the indorsement. *Dale* v. *Geer*, 38 Conn. 17; *Specht* v. *Howard*, 16 Wall. 564; *Cross* v. *Hollister*, 47 Kan. 652; *Boardman* v. *Steele*, 13 Conn. 547; *Caulfield* v. *Hermann*, 64 id. 325; *Averill* v. *Sawyer*, 62 id. 560; *Glendale Mfg. Co.* v. *Insurance Co.*, 21 id. 37; *Meade* v. *Strouse*, 41 id. 565; *Allen* v. *Rundle*, 50 id. 9; *Osborn* v. *Taylor*, 58 id. 439; *White* v. *Ashton*, 51 N. Y. 280.

BALDWIN, J. This action was brought upon a complaint which consisted simply of the common counts, claiming $1,500 damages. Before the cause could be in a condition to justify proceeding to judgment, it was necessary for the plaintiff to file a bill of particulars, or such further statement by way either of a substituted complaint or of amendment, as might be requisite to show the true nature of his demand. Practice Book, p. 12, § 1. He waited nearly five years, and then filed what he styled a "Supplemental Complaint," consisting of a "second count" and a "third count," and showing that this demand was one against the indorser of two promissory notes, one of which, declared on in the second

count, had matured before, and the other, which formed the subject of the third count, after the commencement of the suit.

The common counts can only be used when one or more of them furnish "an appropriate general statement of the cause of action." Practice Book, p. 12, § 1. None of them are applicable to the liability of an indorser. No objection, however, was made to the filing of the so-called supplemental complaint. It was treated by the parties and by the Superior Court as a substituted complaint within the rule, and a demurrer filed to it, which was sustained. What was styled a "Substituted Supplemental Complaint," setting forth a "second count," in which both notes were declared on as the matter of recovery, was then filed. This took the place of the complaint for which it was substituted, and that dropped out of the case. It remained on the files, and constituted part of the history of the cause, but could furnish no basis for a future judgment; nor could any previous ruling upon it be made a subject of appeal.

Another demurrer was filed and sustained to the "substituted supplemental complaint," whereupon four additional counts were filed. Such an amendment of the complaint should not have been allowed. A single transaction, resulting in the indorsement of two notes, was thus made the subject of six counts, each of which sets it out in a slightly different way, with the aim of giving it a different legal aspect.

It is the duty of a plaintiff to narrate the facts which constitute his case, according to the truth, and leave it to the court to draw the proper legal inferences. This narration should be confined to a single count, unless the transaction be one from which two separate and distinct causes of action arise. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 559, 563, 564. In the case at bar, two such causes of action were set up, and only two. Each note necessarily furnished a different one, for each is an independent obligation, and the second did not mature until after the suit was instituted.

Goodrich *v.* Stanton.

The addition to each count of a separate claim for damages was also improper. The place, and the only place, for the claim for relief is at the foot of the complaint; and the claim there stated, if there are several counts, covers all. *Baxter* v. *Camp*, 71 Conn. 245.

The second count in the "substituted supplemental complaint" set forth a sufficient cause of action on the first note. The demurrer to it, for embracing also the cause of action on the second note, was well taken. General Statutes, § 1050, which provides that in any action for damages, founded in contract, "the plaintiff may offer evidence of any damages that may have accrued from the same cause of action subsequent to the bringing of the suit, provided he shall have given reasonable notice to the defendant of the damages so designed to be proved," has no application to this case. The causes of action on each note were necessarily separate and distinct. That on the second note did not come into existence until after the suit on the other was brought; and where only legal relief is sought, no such new ground of action can be introduced into a complaint, even though it sprang out of the transaction upon which the original proceeding was based. The rule of court under the Practice Act, that "supplemental pleadings, showing matters arising since the original pleading, may be filed by either party" (Practice Book, p. 15, § 8), must be read in view of General Statutes, § 1023, that complaints may be amended by the insertion of new counts "which might have been originally inserted therein." A plaintiff at law must have a case before he comes to court; though, if he states it insufficiently, in a complaint otherwise drawn in a form which is permissible, he may afterwards correct the error. The bill of exceptions allowed in favor of the defendant upon the overruling of the demurrer for misjoinder, was waived in the argument before us; but we deem it proper to notice the error, lest, were it passed over in silence, it might be supposed to have received the sanction of this court.

So far as concerns the averments in the second count, relating to the first note, they state that the defendant indorsed

it twice on different occasions, the first time by the name of Albert Stanton, this being a restricted indorsement, and the second by his full and proper name, Albert N. Stanton; this indorsement being an unrestricted one, so made to induce ie plaintiff to deliver to him the yacht that had been sold, delivery of which had been refused on tender of the notes bearing the first form of indorsement, upon the ground that, under the contract of sale, the words "without recourse" could not be added.

This account of the transaction is not inconsistent with the writings on the back of the note. So far as appears upon their face, they may have been made at the same time or at different times, on the same consideration or on different considerations, as a single act or as two acts. The plaintiff alleges that the yacht was sold for the two notes in question, to be delivered to him "with the defendant's indorsement thereon," and that the name "Albert N. Stanton" was written, upon his demand, on a day subsequent to that when the name "Albert Stanton" was signed to the restricted indorsement, and as constituting a separate and distinct agreement, of a totally different character. These were material averments, and the demurrer admitted their truth. He who promises to make a payment by the note of a third party drawn to his own order and indorsed by him, is *prima facie* bound to put on it an unrestricted indorsement. The forms given in the Practice Book for complaints against indorsers, allege simply that the defendant "indorsed to the plaintiff" the bill or note. Forms 46 to 50; cf. 1 Saunders on Pleading and Evidence, *269; 2 Swift's Digest, *509. The agreement declared on imports a duty to indorse in the ordinary manner, that is so as both to transfer title, and to assume a liability to pay if the maker does not, in case of due demand and notice. *Clark* v. *Sigourney*, 17 Conn. 511, 519. The note being drawn in favor of the defendant by the name of Albert Stanton, when it should have described him as Albert N. Stanton, there would be nothing unusual in his indorsing it with either or with each name, and the writings on the back of the note might, if unexplained, be read as constituting a

single and qualified indorsement.    But these writings would express the meaning of the parties with equal precision, if, after the completion of a qualified indorsement signed by the defendant by the name given him in the note, he had put his proper name upon it, as a distinct and separate act, in order to create the unqualified obligation of an ordinary indorser.

To show which of these two constructions ought to be placed upon the indorsements, parol evidence would be legitimate to establish the facts by which that would be determined.    The plaintiff properly declared on these facts, in his second count, and the demurrer to it, which was mainly predicated on the ground that evidence of such facts *dehors* the writings could not be introduced, should have been overruled.

As a sufficient cause of action on the first note was set up in the second count, it is unnecessary to consider whether those afterwards added by way of amendment were properly held to be demurrable.

There is error.

In this opinion the other judges concurred.