EDWARD B. EAMES ET AL. *vs.* VIRGINIUS MAYO ET AL.

Third Judicial District, Bridgeport, April Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

Under our statute (§ 5641) and rules of practice (Practice Book, p. 238, § 120; p. 294, Form No. 15), a plaintiff who is in doubt whether a contract made by him with an officer of a corporation in its behalf, was in fact authorized by the latter, as represented by such officer, may sue both of them and claim damages for the breach or nonperformance of the contract "in the alternative," as the question of authority may be determined upon the trial.

The complaint in such an action should allege the facts known to the plaintiff, but it is not demurrable for failing to aver that the contract was or was not in fact authorized by the defendant corporation, since the existence of such doubt or uncertainty is the very situation or condition which the statute and rule recognize as the basis of the action,—a condition which would obviously cease to exist if the plaintiff were sufficiently informed to honestly allege either that the contract was or was not in fact authorized by the corporation.

In stating such a cause of action two counts are unnecessary.

In the present case a second count repeated by reference all the allegations of the first, but added that if the defendant corporation did not authorize its officer to act as its agent in making the contract, he was guilty of deceit in representing that he had such authority. *Held* that so long as this count which, like the first, stated the whole case against both defendants, remained unanswered by the defendant corporation, such defendant was not entitled to final judgment in its favor, notwithstanding the first count had been adjudged insufficient against it upon demurrer.

The voluntary filing of an amended or substitute complaint after a demurrer to the original complaint has been sustained, operates as a withdrawal of the latter and removes the ruling upon demurrer from the case.

Argued April 8th—decided June 11th, 1919.

ACTION to recover damages from one or the other of two defendants, for the breach of a contract alleged to have been made with the plaintiffs for the benefit of the defendant corporation, brought to the Superior

Court in New Haven County where successive demurrers of the defendant Radiator Company to the first
counts in the amended and substituted complaints
were sustained (*Webb* and *Kellogg, Js.*) and subsequently, upon motion of the Radiator Company, final
judgment was rendered for it (*Curtis, J.*) from which
the plaintiffs appealed. *Error and cause remanded to be
proceeded with according to law.*

The plaintiffs sued two defendants, Mayo and the
Mayo Radiator Company, for services as brokers.

An amended complaint was filed in two counts. One
count was successfuly demurred to, and the plaintiffs
then filed a substituted complaint. The material allegations of this substituted complaint were as follows,
viz: The defendant Mayo is, and was during the period
referred to in this complaint, the president and treasurer of the defendant The Mayo Radiator Company.
The plaintiffs are in business in New Haven as brokers,
particularly engaged in promoting, financing and dealing in corporate enterprises and securities. On or
about the        day of December, 1915, the defendant
Mayo represented to the plaintiffs that the defendant
Radiator Company desired to obtain a large amount
of new working capital, and employed the plaintiffs
to procure said capital. Thereafter the defendant
Mayo and the plaintiffs consulted and planned together to obtain said capital, until on or about the 1st
day of May, 1916, when the defendant Mayo agreed
with the plaintiffs that if they would procure a purchaser for the Radiator Company, its business and
assets, and certain patents, of which said Company was
licensee, but which the defendant Mayo claimed to own,
the purchase price to be $400,000, part cash and part
stock in the new corporation to be formed by the purchaser to take over said Company, the proportion of
cash and stock to be thereafter agreed upon between

Mayo and the purchaser, that the plaintiffs should receive for their services $20,000 in cash and $20,000 par value of the capital stock of said new corporation to be formed. Thereafter the plaintiffs procured, as a purchaser, C. R. Bergman & Company, willing, ready and able to purchase said Radiator Company and said patents upon the terms stated by Mayo. Afterward Bergman & Company and Mayo agreed that the purchase price should be $200,000 in cash and $200,000 in capital stock of a new corporation to be formed by Bergman & Company to take over the Radiator Company, said new company to be capitalized at $1,250,000, which agreement Bergman & Company stood ready to carry out, but were unable to because Mayo thereafter refused to carry out said agreement, and sold and transferred, and caused to be sold and transferred said patents and said Radiator Company, its business and assets, to third parties. During all of these dealings between Mayo and the plaintiffs, Mayo stated and represented that he was the duly-authorized agent and representative of the defendant Radiator Company, with full power to act for said Company in all of said dealings. Said Radiator Company has always denied that said Mayo was its agent and representative in dealings with the plaintiffs, and has always refused and neglected to carry out said agreements made by Mayo. The plaintiffs have never received from either of said defendants any portion of the money or stock agreed to be paid them.

The second count, after incorporating all the paragraphs of the first count, added the following: "The plaintiffs further say and allege that if the defendant Mayo did not in truth and in fact have the authority to represent, bind and obligate the defendant Radiator Company in the dealings between said Mayo and said plaintiffs, as set forth in the first count herein, then said

Eames *v.* Mayo.

Mayo wilfully, falsely and carelessly, and with intent to deceive the plaintiffs, did pretend and say to the plaintiffs that he was the duly-authorized agent and representative of the defendant Radiator Company, with full authority to act for said Company in the dealings between him, the said Mayo, and the plaintiffs, as set forth in the first count herein, and did induce the plaintiffs, who relied upon his said false and fraudulent statements and misrepresentations, to perform the acts and render the services heretofore set forth to the great loss and damage of the plaintiffs."

The prayer for relief inadvertently was not printed as part of the record. An examination of the official file shows that relief was demanded as follows, viz: "The plaintiffs claim $100,000 damages from the Mayo Radiator Company, or if the said Virginius Mayo in fact acted without authority from said Mayo Radiator Company, then they claim said damages from said Virginius J. Mayo."

The Radiator Company demurred to the substituted complaint as a whole for misjoinder. This demurrer was overruled. The Radiator Company also demurred to the first count in substance for these reasons, viz: 1. Because it does not appear that the defendant Mayo had any authority to make the alleged agreement, as set forth in said first count of the complaint. 2. Said first count of the complaint sets forth an agreement (which the plaintiffs do not allege that the defendant Radiator Company made, agreed to or promised to perform, but which the plaintiffs allege the other defendant Mayo represented or stated to the plaintiffs that he was authorized by the defendant Radiator Company to make), and with no allegation that the defendant Mayo was in fact so authorized, and without such an allegation the said first count of the complaint is insufficient, and there is no cause of action set forth

in the first count against the defendant Radiator Company. 3. The said first count is insufficient because there are no allegations that the defendant Radiator Company made the agreement set forth, or authorized the defendant Mayo to make the same in its behalf, but, on the contrary, it appears in paragraph 8 of said count that the defendant Radiator Company has always denied that said defendant Mayo was its agent and representative in the dealings of the said Mayo with the plaintiffs, and has always refused and neglected to carry out the agreements made by said defendant Mayo.

This demurrer was sustained upon all its grounds, and thereafter final judgment on the demurrer sustained was rendered in favor of the Radiator Company

The plaintiffs appealed for error of the court in sustaining the demurrer to the first count of the substituted complaint.

*Wallace S. Moyle,* for the appellants (plaintiffs).

*Edmund Zacher,* for the appellee (defendant Mayo Radiator Company).

GAGER, J. Section 12 of our original Practice Act, now § 5641 of the General Statutes, provides that "any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any questions involved therein, to make a party." Section 3, Part 1, of the original rules framed to further the remedial intent of the Act, now § 120, p. 238 of the Practice Book, provides that "persons may be joined as defendants against whom the right to relief is alleged to exist in the alternative, although a right to relief against

one may be inconsistent with a right to relief against the other."

Form 15 of the Practice Book (p. 294) was furnished as a model for invoking relief under this statute in one class of cases coming within the purview of the rule. Alternative relief may be of two kinds. The more usual is the alternative relief based upon. an alternative construction of the cause of action. Rule 137, Practice Book, 1908, p. 242. The statute and rule under consideration in express terms make the relief alternative with respect to the defendants. The phase of alternative relief based upon an alternative construction of the cause of action, and the remedial features of the Practice Act relating thereto, were fully discussed in the oft-cited case of *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 29 Atl. 76. The statute (§ 5641) relating to joinder of parties defendant, has frequently been discussed by this court. We may refer to *Fairfield* v. *Southport National Bank*, 77 Conn. 423, 59 Atl. 513.

But the specific question of the character and certainty of the allegations necessary to bring a case within Rule 120, does not seem to have been presented, nor do we recall any case where a complaint calling for relief against one or the other of two defendants, in the alternative, has been specifically examined by this court upon any question of pleading.

The substance of the complaint, set out fully in the statement of facts, is that upon the representation of one defendant, Mayo, that he was the agent of the other, the Radiator Company, the plaintiffs procured a purchaser of the Company, its business and assets, upon the terms accepted by Mayo; that thereafter Mayo refused to carry out the agreement with the purchaser; that the Radiator Company denied Mayo's agency, and that the plaintiffs have received nothing

for their services, though they procured a purchaser satisfactory to Mayo. The demurrer sustained is based upon three grounds: first, that there is no allegation that Mayo in fact had authority from the Radiator Company to make the contract with the plaintiffs. That is true. The utmost the plaintiffs allege in this respect is that Mayo represented that he had authority. Such was thought a sufficient allegation by the framers of Form 15. The second ground of demurrer is that there is no allegation that the Radiator Company made the contract with the plaintiffs, but only that Mayo represented that he was authorized by the Company to make it, and that this, joined with the failure to allege that Mayo was the duly authorized agent, constitutes a failure to state a cause of action against the Radiator Company. It is true that such an allegation is lacking. Again, the framers of Form 15 do not seem to have considered such an allegation necessary. The third ground of demurrer is that there is no allegation that the Radiator Company either made or authorized the making of the contract with the plaintiffs; but there is the allegation that the Company has always denied the agency. The only new thing here is the reference to the denial by the Radiator Company. This allegation of denial substantially follows Form 15. It is to be observed that an allegation that a claimed principal denies having authorized a claimed agency, is not an allegation that such agency was not authorized in fact. In short, all the reasons of demurrer here taken might equally well be taken against Form 15.

The real question, then, is whether any of the allegations shown by the demurrer to have been omitted, are essential to a good complaint brought under the provisions of § 5641 of the General Statutes and § 120 of the Rules. The notion at the basis of the demurrer

seems to have been that the complaint must contain affirmative and categorically certain allegations that each of the defendants is liable. This is claimed specifically in behalf of the Radiator Company, and the notion is equally applicable to Mayo. If the reason is sound, Mayo might have demurred because it was not alleged that he was in fact acting in his individual capacity and not as agent. The result would be that it would be impossible to truly state a case coming under this rule. It would require the plaintiff to resolve the very doubt which the rule authorizes him to refer to the court. If the pleader could honestly allege a positive liability as to either defendant, the reason for claiming alternative relief as to the defendants would cease to exist. The case would not come within the statute and the rule. The very reason for this form of complaint and prayer for relief is that the plaintiff, having a single cause of action against somebody, does not know which of the two defendants is liable. If he does know he cannot honestly allege doubt. The substance of his complaint is that he is entitled on his facts to relief from one or the other of the named defendants. The facts are all connected with and arise out of a single transaction; a single relief is demanded. Both defendants are interested adversely to the plaintiffs and adversely to each other. There cannot, paraphrasing the language of § 5641, be a complete determination or settlement of the questions involved in the single transaction set out in the complaint, without bringing in both parties, one of whom is upon the allegations certainly liable. The precise incidence of the relief claimed in an action of this sort, as well as the right to any relief, is to be determined by the court.

This kind of an action is one of the directly intended results of what is sometimes called the Reformed Pro-

cedure. Section 13 of the Schedule to the original English Judicature Act of 1873 (L. R. Statutes, Vol. 8, 1873, p. 352) provides that "where in any action, whether founded upon contract or otherwise, the plaintiff is in doubt as to the person from whom he is entitled to redress, he may . . . join two or more defendants, to the intent that in such action the question as to which, if any, of the defendants is liable, and to what extent, may be determined as to all parties to the action." This section became § 6 of Order XVI, in the Schedule of Rules of Court adopted by Parliament in the amendment to the Judicature Act of 1873 (L. R. Statutes, Vol. 10, 1875, p. 792), and has continued to be the rule in England to the present time. Of this legislation Mellish, L. J., in *Honduras Inter-Oceanic Railway Co.* v. *Tucker*, L. R. (1876–1877) 2 Ex. Div. 301, said (p. 306): "There can be no question that the intention of the legislature was that it should not be necessary for a plaintiff to bring an action first against A., and then against B., and to run the risk of the jury taking a contrary view of the evidence in the two cases, but that he should have both defendants before the court at once, and try it out between them." In the same case, which was one of disputed agency, Cockburn, C. J., said (p. 305): "But here we have a claim for redress against two persons arising out of a common transaction, to which both of them are alleged to have been parties—against the one as principal if the agent had authority to bind him, against the other who professed to be an agent, if he acted without authority. What the plaintiffs complain of is the nonperformance of a contract. If their claim is against Lefevre it is because the contract is broken; if it is against Tucker it is also because the contract has failed and remains unfulfilled. The only difference is that, although the redress claimed is the same, if there had

been separate actions, the process would have been different in the two actions. In the one it would have been on the contract; in the other on the special ground that the defendant professed to have authority which he had not, and so the contract failed. But whatever course was pursued the redress would, in both cases, have been for damages arising out of nonperformance of the contract." *Sanderson* v. *Blyth Theatre Co.*, L. R. (1903) 2 K. B. Div. 533.

The rule above quoted from the Judicature Act was in substance adopted by statute in Rhode Island in 1876, and is § 20 of Chapter 283 of the Revision of 1909. *Phenix Iron Foundry* v. *Lockwood*, 21 R. I. 556, 45 Atl. 546.

Our Practice Act of 1879, and the rule quoted above, give full force and effect to the proposition as stated by Mellish, L. J., and Cockburn, C. J., above. This procedure appears to be limited as to the jurisdictions in which it prevails. Note, 51 L. R. A. (N. S.) 640. However, limited the jurisdictions in which this method of joining defendants may be adopted, the statute and the rule are perfectly definite and clear, reasonable and workable.

The defendant does not, indeed, in the demurrer now before us, specifically attack the theory of the Act. The reason we have referred briefly to the history of this procedure is to show that it appears, from the very language adopted, that the theory of a complaint of this sort is doubt, lack of certainty, as to which of two or more parties is liable, united with certainty as to a single transaction involving the liability of one or the other. The Judicature Act says when the plaintiff "is in doubt as to the person from whom he is entitled to redress"; the Rhode Island Act uses the same language. R. I. Gen. Laws, 1909, p. 999, § 20. Our rule does not use the expression "in doubt," but the words, "alleged

to exist in the alternative," coupled with the language of the statute, necessarily imply that the plaintiff is uncertain as to which is really liable. If the theory of the joinder is uncertainty as to the incidence of the liability, then all that the plaintiff can be required to do is to state the facts as and to the extent that he knows them, from which it inevitably follows that neither defendant can complain that the allegations against him are not more certain than the actual situation renders possible. We think that Form 15 and the count demurred to, are not open to the objections taken by the demurrer, and that the demurrer to the first count should have been overruled.

In the present case a count of an amended complaint was first successfully demurred to, whereupon the plaintiffs filed an entire substituted complaint in two counts. The plaintiffs base one ground of appeal upon error in sustaining the demurrer to the amended complaint. That demurrer is not before us. Whenever, after a demurrer sustained, the complaint or pleading demurred to is amended or a substitute filed, that demurrer and the pleading to which it relates are taken out of the case. The filing of the amendment or substitution, as the case may be, is a withdrawal of the first. *Boland* v. *O'Neil*, 72 Conn. 217, 220, 44 Atl. 15; *Goodrich* v. *Stanton*, 71 Conn. 418, 424, 42 Atl. 74; *Mitchell* v. *Smith*, 74 Conn. 125, 128, 49 Atl. 909; *Pettus* v. *Gault*, 81 Conn. 415, 418, 71 Atl. 509.

The present complaint is in two counts. The first count, already described, having been held bad as not stating a cause of action against the Radiator Company, that Company moved for judgment in its favor, and the court granted the motion and final judgment was rendered in its favor. But the complaint contained a second count in which were all the allegations of the first count, with a further allegation that

if the Radiator Company did not authorize Mayo as its agent, then Mayo was guilty of deceit. This second count only differs from the first in labelling the obligation of Mayo as grounded in deceit. Two counts were quite unnecessary to furnish the basis for the alternative relief sought. The whole case against both defendants was in the second count, and still remained for determination, and judgment should not, upon that state of the pleadings, have been rendered in favor of the Radiator Company, letting it out of the case entirely. This is not assigned as error, but the result necessarily follows from the fact that the second count, containing the whole case, remains to be answered to, and the rendering of judgment was an erroneous application of the ruling upon the demurrer to a single count. Apparently the parties and the court all treated the first count as directed against the Radiator Company, and the second count as against Mayo, while in fact each count was directed to both defendants and a second count was surplusage.

There was error in sustaining the demurrer to the first count of the substituted complaint and in rendering judgment upon the whole case in favor of the defendant Radiator Company.

The judgment is reversed and the cause remanded to be proceeded with according to law.

. In this opinion the other judges concurred.