BERTHA WLADYKA *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, October Term, 1922
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A complaint which is demurred to and voluntarily replaced by another, drops out of the case; and therefore the ruling upon the demurrer cannot be made a ground of appeal to this court.

Rulings upon evidence which are not set out in the appellant's request for a finding, are not properly before this court on appeal.

A general verdict imports that all the issues are found for the prevailing party; and therefore if no error intervened in the determination

of one of the issues, the verdict must stand, although it could not be supported, in view of the evidence, upon the other issue submitted to the jury.

In such situations the adverse party may protect himself by asking the court to propound special interrogatories to the jury, and thus ascertain upon which issue they based their verdict.

The charter of Waterbury (12 Special Laws, p. 443, § 25) provides that the city shall not be liable for injury occasioned by ice or snow on the sidewalk, except where there is a structural defect which has been rendered more dangerous by the snow or ice thereon. The plaintiff sued on this cause of action, and in the same count for that based exclusively upon a structural defect in the sidewalk, and the case was submitted to the jury, who found a general verdict for the plaintiff. *Held* that while there was no evidence of the existence of snow or ice upon the walk for a sufficient time preceding the accident to have charged the defendant with notice thereof, and hence a recovery on the first cause was not justified,—yet the defendant, not having objected to the general verdict, could not now complain of the judgment against it, since there was evidence to sustain a recovery on the second cause. .

The case of *Aaronson* v. *New Haven,* 94 Conn. 690, applied and followed.

Whether the cause of a personal injury, as stated in the notice, is the same as that alleged in the complaint, presents a question for the court and not the jury; but its erroneous submission to them is harmless if their verdict discloses that they must have reached the correct conclusion and the only one legally open to them.

The notice in the present case alleged the defect as a hollow in the walk, while the complaint referred to it as a depression or hole, describing it with some detail. *Held* that there was no material variance.

An inaccuracy in the notice to the municipality, in stating the cause of a personal injury on a defective highway, will not preclude a recovery if the jury find, as provided in § 1414, that there was no intention upon the part of the plaintiff to mislead and that the defendant was not in fact misled thereby.

Certain assignments of error, in failing to charge as requested, and in the charge as given, examined and *held* to disclose no ground for a new trial.

Argued October 24th—decided December 11th, 1922.

ACTION to recover damages for personal injuries caused by an alleged defective sidewalk in the defendant city, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* verdict

and judgment for the plaintiff for $4,600, and appeal by the defendant.  *No error.*

At about seven fifteen o'clock on the evening of December 13th, 1917, the plaintiff sustained injuries to her person by falling upon a sidewalk on East Main Street in Waterbury.  The plaintiff claimed to have proved that her fall was caused by the sinking of an iron plate, placed in the sidewalk, at one end so as to form a depression or hole in the sidewalk which, in connection with the slant of the sidewalk at this point, rendered it at and near this point unsafe and dangerous for travel; that her fall was further caused by the sidewalk being rendered more dangerous and unsafe at this point by an accumulation of snow and ice thereon; that this condition in the sidewalk had existed for a long time prior to December 13th, 1917, and was known to the defendant, or that it ought to have been known to it.  On December 15th, 1917, she caused to be given the defendant a notice, in terms as follows: "To the City of Waterbury and to W. F. Moher, City Clerk.  This is to give you notice I will claim damages for injuries sustained by my wife Bertha Wladyka, by reason of falling on a slippery sidewalk on East Main Street in front of the store of Augustus Reutter close to the driveway leading into the rear of the Moriarty property, on the thirteenth day of December, 1917, at 7:15 p. m.  The sidewalk was defective by reason of a hollow at this point and was rendered more dangerous by reason of an accumulation of snow and ice thereon.  Her injuries consisted of a compound fracture of the leg near the ankle, and otherwise bruised, necessitating her removal to St. Mary's Hospital.  Dated at Waterbury this fifteenth day of December, 1917.  Bertha Wladyka, by John Wladyka, Husband."  This notice was written by the city clerk of Waterbury as an accommodation to the plaintiff, who then was unrepresented

by an attorney. It was presented to the board of aldermen of Waterbury on December 17th, 1917, and they had actual cognizance of the claim therein described, and thereupon it was referred by the board to its committee on law. The city clerk was the duly authorized representative of the city, to whom, by its charter, such a notice of intention to claim damages must be given.

The defendant appealed for claimed errors in denying the defendant's motion to set aside the verdict; in overruling the demurrer to the original complaint; in three rulings on evidence; and in refusing to charge as requested in five particulars, and in the charge as made in three particulars.

*Ulysses G. Church* and *Philip N. Bernstein,* for the appellant (defendant).

*Frank P. McEvoy* and *Edward J. Finn,* for the appellee (plaintiff).

WHEELER, C. J.   The demurrer which was overruled was to the original complaint which is not printed in the record. It was not renewed against the amended complaint and hence it, and its grounds, disappeared from the case unless such grounds later arose in the course of the trial.   For this reason the assignment of error based upon the overruling of this demurrer is not before us and had no legitimate place in the appeal. *Goodrich* v. *Stanton,* 71 Conn. 418, 424, 42 Atl. 74; *Eames* v. *Mayo,* 93 Conn. 479, 106 Atl. 825.   Assignments of error 10, 11 and 12, as to the rulings on evidence, cannot be considered, because the rulings are not set out in defendant's request for a finding, as required by General Statutes, § 5826; Practice Book, 1908, p. 266, § 5; *Summa* v. *Dereskiawicz,* 82 Conn.

547, 74 Atl. 906; *Friedler* v. *Hekeler*, 96 Conn. 29, 112
Atl. 651; *Durham* v. *Larom*, 95 Conn. 475, 477, 111
Atl. 832; *Beckwith* v. *Cowles*, 85 Conn. 567, 83 Atl.
1113; and because not specifically stated, as required
by General Statutes, § 5837. *Avery* v. *Ginsburg*, 92
Conn. 208, 102 Atl. 589; *Smith* v. *Hausdorf*, 92 Conn.
579, 103 Atl. 939; *Brown* v. *Hart*, 91 Conn. 668, 671,
100 Atl. 1065; *Doolan* v. *Heiser*, 89 Conn. 321, 94 Atl.
354. The defendant's assignment of error, because
of the denial of its motion to set, aside the verdict,
merits a consideration of its several grounds.  Under-
lying them is its claim that the cause of action set
up in the amended complaint is that provided by the
charter of Waterbury, 12 Special Laws (1895) p. 443,
§ 25, which reads as follows: ". . . Said city shall
in no case be liable for any injury occasioned by ice or
snow upon the sidewalks of said city, except in cases
where there is some structural defect in such walk
which is rendered more dangerous by reason of ice or
snow thereon."  The defendant construes this section
as giving a single and inseparable cause of action,
viz: one for injury occurring as a result of a structural
defect in a sidewalk of the City of Waterbury which
is rendered more dangerous by reason of snow or ice.
thereon.  No cause of action can arise in Waterbury,
due to ice and snow on any of its sidewalks, because of
this provision of its charter.  The only cause of action
in which snow and ice upon a sidewalk of Waterbury
can have any part in furnishing a cause of action, is
that provided by this charter provision,—one in which
there is a structural defect in the sidewalk, and this
structural defect has been rendered more dangerous
by reason of snow or ice upon the walk at this point.
Under this section neither the structural defect alone,
nor the snow and ice alone, can create a cause of action,
but when the structural defect exists and is made more

dangerous by snow and ice upon the walk, the structural defect and the snow and ice in combination may create a cause of action provided the other factors are present. The plaintiff makes no criticism of the defendant's interpretation of this provision of the charter; the trial judge charged the jury in accordance with it, and we are of the opinion that the interpretation is correct. The charter provision delimiting the existing statutory action for injury from snow and ice on a sidewalk, was no doubt passed in view of the physical situation of Waterbury, located in great part upon hillsides, and rendering it exceedingly difficult for the city authorities to keep its sidewalks free from snow and ice, and imposing upon the city an excessive burden of liability if it was to be liable for every injury happening to one free from contributory negligence, and resulting from snow and ice upon its sidewalks. It is perhaps unnecessary to say that the cause of action authorized by this charter provision does not take away the existing remedy based exclusively upon a structural defect.

Before taking up the several grounds upon which the defendant relies to support its claim that the cause of action of this complaint is that authorized by this charter provision, we should dispose of the defendant's claim that this is the only cause of action set forth in the amended complaint. The defect or defects in this walk are set up in paragraphs 4 and 5, which read as follows: "4. The said iron plate was placed in the said sidewalk at a point where the said sidewalk had a decided slant, and the said iron plate gradually sank into the sidewalk at one end so as to form a depression or hole in the said sidewalk which, in connection with the said slant, rendered the said sidewalk at and near said point unsafe and dangerous for travel. 5. On or about the said December 13, 1917, the said sidewalk

was rendered more dangerous and unsafe at and about the said point by reason of an accumulation of snow and ice thereon." Taken together, these two paragraphs describe the defective sidewalk for which the city is made liable by this provision of the charter. If paragraph 5, relating to an accumulation of snow and ice, be eliminated or not proven, the structural defect described in paragraph 4, is one which, if it caused injury, would furnish a cause of action to one himself free from negligence. By itself paragraph 4 describes a defective sidewalk. We are therefore of the opinion that the amended complaint states two causes of action, one for a structural defect in a sidewalk, and one for a structural defect rendered more dangerous by snow and ice thereon, which is the cause of action authorized by this charter provision. While not specifically separating these causes of action in his charge, the trial court did submit each to the jury.

It is the latter cause of action which the defendant upon several grounds claims is not supported by the evidence. 1. No proof was offered that at the time of the accident there had been any snow or ice upon the sidewalk at this point for a longer period than about fifteen minutes. This claim is sustained by the evidence. No snow had fallen since December 9th, and no evidence was offered that this snowfall remained upon the walk at the time of the accident on the 13th, or that any snow or ice had been upon the walk for a sufficient time preceding this accident to have charged the defendant with notice of its presence. 2. Next, the defendant claims that the evidence does not show whether the plaintiff slipped upon the ice or snow upon the plate, or upon the slippery surface of the sidewalk. The allegation of the complaint is that the plaintiff stepped into or tripped upon the depression or hole, and slipped upon the iron plate. The plaintiff

testified her foot went into the hole or depression made as described in the complaint, and then she slipped on the iron plate upon which there was a little snow and ice. There is nothing in the evidence which makes this so unworthy of credit that the jury might not have credited it. 3. The defendant claims that the evidence fails to show that the plaintiff gave to the defendant a legal notice of the cause of action authorized by the charter provision, and that it does not appear in the evidence that there was no intention to mislead nor that the city was not in fact misled. The notice sets up the statutory requirements, and, as to the defect, that "the sidewalk was defective by reason of a hollow at this point and was rendered more dangerous by reason of an accumulation of snow and ice thereon." This, we think, was a sufficient notice under the cause of action authorized by the charter provision, and, eliminating the reference to snow and ice, it was sufficient as to a structural defect. The city was by it put on notice whether the defect were that of this charter provision, or simply the structural defect. No cause of action to which this complaint might refer could disregard the element of a structural defect, and hence the notice of it as an independent cause of action was complete. The notice cannot be held to be "invalid or insufficient by reason of an inaccuracy" in description of the statutory requirements, "if it appear that there was no intention to mislead or that such . . . city . . . was not in fact misled thereby." General Statutes, § 1414. The evidence was before the jury that the plaintiff had the city clerk of the defendant draw the notice, and that this notice was at once presented to the board of aldermen of the defendant, and that actual knowledge of the claim was then possessed by them, and all within the statutory time; and this evidence gave to the jury abundant opportunity to

find that the plaintiff, in giving the notice, had no intention to mislead, and that the city was not in fact misled by the notice. Upon the evidence the jury might well have found that the plaintiff had sustained the burden of proving the requirements of § 1414, if they found inaccuracy in describing the statutory requirements for a valid notice. For the reasons stated before under 1, the cause of action based upon the charter provision was not proven and should not have been submitted to the jury.

Though the jury may have found their verdict upon the cause of action authorized by this charter provision, the verdict could not be set aside upon this ground. A general verdict upon a complaint setting up two causes of action imports that the jury has found all the issues for the plaintiff, hence if one of these causes of action is supported by credible testimony the verdict must stand, although the other cause of action was not supported by credible testimony or authorized by law, since it cannot be known that the verdict was based upon the invalid cause of action. "In such cases the defendant may protect itself from any possible injustice, when the complaint contains two or more counts, by asking for a separate verdict upon each count, or when two or more issues are presented in one count, by asking the court to propound special interrogatories to the jury." *Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 Atl. 872; *Worth* v. *Dunn,* 98 Conn. 51, 63, 118 Atl. 467. There was ample evidence of the structural defect as alleged, that it had existed for a long time and that the defendant had due notice thereof under the statute, and that the injury to plaintiff occurred in consequence of this structural defect. It follows that the trial court did not err in denying the motion to set aside the verdict.

Defendant requested the court to charge, in para-

graph three of its request, that the defect alleged in the complaint was not the same as that given in the notice, and therefore the plaintiff could not recover unless she showed that she had no intention to mislead the city by the notice, and that it was not in fact misled. The court erroneously left it to the jury to determine whether the defect alleged in the complaint was the same as that alleged in the notice. A conclusion of this sort, to be drawn by a comparison of two or more instruments where no extraneous finding or inference of fact is necessary in order to make the comparison, is for the court. No harm in this case was done by the submission of the issue to the jury, for the verdict discloses that they must have found the defects in these two instruments the same, and this is the conclusion which the law would have required the court to make. The defendant's attempt to distinguish between the hollow as described in the notice, and the depression or hole in the complaint, must fail, the complaint being, as was most natural, merely a more detailed description of the defect. Moreover, the court correctly charged, that if the jury found the defect in these instruments was not the same, the plaintiff could not recover unless the jury should find that there was no intention on the part of the plaintiff to mislead the city in the giving of the notice, or that the city was not in fact misled, and that the burden of proving these statutory requirements was on the plaintiff.

The sixth request to charge, that there is no proof that the city had notice that the sidewalk was defective because of snow and ice, was properly refused, since the complaint did not purport to state such a cause of action. The seventh request to charge, that there was no sufficient evidence that the city had notice, actual or constructive, of the claimed defect, nor sufficient evidence of the defect, nor of the freedom from

contributory negligence of the plaintiff, was properly denied. All of these subjects were fairly submitted to the jury with appropriate instructions. The eighth request to charge, that the evidence was insufficient to establish that the plate was defective and that the plaintiff's injuries resulted from the defect described in the complaint, were fairly covered in the submission of the defect to the jury. The sixth assignment of error is not that the charge concerning the structural defect is bad, but that this cause of action is not contained in the complaint which rests upon the cause of action authorized in the charter provision to which we have referred. We have already discussed this point and held that the complaint does contain this cause of action. The seventh and eighth assignments of error concern the adequacy of the charge upon the subject of notice. The charge upon this subject accorded with the law, and has already been disposed of in our consideration of the denial of the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.