## MARIE ELIZABETH CALABRESE
### vs.
## THE CITY OF NEW HAVEN

Superior Court        New Haven County        File #46817

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

John A. Maresca,                    Attorney for the Plaintiff.

Corporation Counsel;
Vincent P. Dooley,                Attorneys for the Defendant.

**MEMORANDUM FILED MARCH 25, 1936.**

O'SULLIVAN, J.   On December 6th, 1934, shortly after eight o'clock in the morning, the plaintiff while exercising due care tripped over a water gate located in the center of a public sidewalk on Forbes Avenue in the City of New Haven

and sustained painful though not particularly serious injuries. The water gate portruded nearly two inches above the dirt sidewalk and had been in that condition for at least a year.

The City makes two legal claims, the first being that the written notice given by the plaintiff was insufficient to meet the requirements of the statute. While it is true that the notice did not specify the water gate as the cause of the fall, it did allege that "the cause of the injury was the defective condition of the walk" in front of 396 Forbes Avenue. The notice was not invalid, even though it was not accurate. As there was no intention to mislead nor was the City in fact misled, the notice was proper and legal. **Wladyka vs. Waterbury, 98 Conn. 305.**

The other contention of the City is that it is not responsible for defective sidewalks in the 32nd Ward which was the locus of the accident in question.

Quite a number of years ago, that portion of New Haven now known as the 32nd Ward was annexed from East Haven. For some time thereafter, this territory was within the Town of New Haven, although outside of the city limits. Eventually the town and city governments became consolidated and their territorial limits are now co-terminous.

In 1911, the Legislature created a body politic and incorporate known as the Fairmount Association, which takes in the 32nd Ward. **16 Private Acts 382.** In the main, its functions are limited to matters concerning garbage, fire and police protection, and street lighting.

There is no obligation upon this association to care for the highways within its limits. By statute, **Section 1411,** this duty rests on the Town of New Haven. But as the town has been consolidated with the city and the latter has accepted the burdens formerly resting on the town, it is impossible to escape the conclusion that the City now has responsibility for the condition of all of the highways within its limits, whether they run through the 1st or the 32nd Wards.

Section 1 of the City Charter is not authority to the contrary. That section provides that the City's jurisdiction over the 32nd Ward shall be for police and sanitary purposes only. However these are not duties imposed by statute which must be met regardless of the provisions of Section 1.

Accordingly the claim of the City that it cannot be held for defective sidewalks in the 32nd Ward is unsound. Hence judgment may enter for the plaintiff to recover $465.00.