## EDITH HYDE
*vs.*
## WILLIAM J. COX, HIGHWAY COMMISSIONER ET AL.

Superior Court    New Haven County    File No. 58608

MEMORANDUM FILED SEPTEMBER 16, 1940.

*Leon E. McCarthy,* of Ansonia, for the Plaintiff.

*Francis A. Pallotti,* Attorney General, and *Taylor & Tribou,* of Hartford, for the Defendants.

■■■■■■■■

MUNGER, J.   Paragraphs 2 and 3 of the demurrer must be overruled.   Concededly the Highway Commissioner is liable only under the statute when an injury is alleged to have occurred from a defect in a highway which has been caused by wrongful act on his part.   The first count clearly alleges a defect in the highway caused by the Highway Commissioner. The defect has been caused by a failure to take steps sufficient to remedy a dangerous condition.   Among other things alleged is the want of adequate lighting.   The action is not the less one for a defective highway because it is also alleged that the character of the act was such as to constitute a nuisance.   Nor can the first count be fairly construed to be one against the Highway Commissioner for negligence.   It is clear that the fair construction of the pleading is one which alleges an action for a defective highway.

The second count sets forth a separate action against the contractors, who it is alleged caused or participated in causing the dangerous condition from which the plaintiff's injury resulted.   The plaintiff has not quite done what in argument it is said was done, that is to say, there has been an attempt made to claim alternative relief.   The demurrer must be sus-

tained on technical grounds but the complaint may be redrawn. The inclusion of two counts is improper and unnecessary. The plaintiff has a single cause of action. One injury has resulted from a single condition and from circumstances which have been created by two separate defendants. This single cause of action should be stated in one count and alternative relief specifically claimed. If this is the procedure which the plaintiff intended to take, and it has been so stated, this course may follow. *See Eames vs. Mayo,* 93 Conn. 479.