## Frank Carlino v. City of Meriden.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 3—decided November 8, 1945.

*Samuel H. Platcow*, with whom, on the brief, was *Edward M. Rosenthal*, for the appellant-appellee (plaintiff).

*Morris Tyler*, for the appellant-appellee (defendant).

Jennings, J. The Meriden charter contains a provision (17 Spec. Laws 72) that the city "shall in no case be liable for any injury occasioned by ice or snow

upon the sidewalks of said city, except in cases where there is a structural defect in such walks of a character to render the same more dangerous by reason of ice or snow thereon." The trial court found that the plaintiff fell and was injured on ice covering a structural defect in the walk which was rendered more dangerous by reason of the snow-covered ice thereon. The finding cannot be corrected, as requested by the plaintiff, to read that the plaintiff was injured by stepping into a trough (the structural defect in the walk). The court concluded that the sidewalk was not in a reasonably safe condition for public travel and that the city had constructive notice of the structural defect, but that there was insufficient evidence of the length of time the ice had been on the sidewalk to give the city notice of its presence and the resulting dangerous condition. Judgment was for the defendant. The finding supports this conclusion factually. The legal question is whether notice of the structural defect and that it was of a character to be rendered more dangerous by reason of ice or snow thereon is sufficient to charge the city or whether at least constructive notice of the presence of ice and snow is also required.

"The notice, actual or implied, of a highway defect causing injuries which a municipality must receive as a condition precedent of liability for those injuries, is notice of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it." *Carl* v. *New Haven,* 93 Conn. 622, 628, 107 Atl. 502; *Pape* v. *Cox,* 129 Conn. 256, 259, 28 Atl. (2d) 10. Most of the cases cited and discussed by the parties were brought under General Statutes, § 1420. This describes the actionable defect simply as a "defective road." The Meriden charter defines it as "a structural defect in such walks of a character to render the same

more dangerous by reason of ice or snow thereon." The difference is apparent. A provision of the Waterbury charter similar to that of Meriden has been construed as follows: "The only cause of action in which snow and ice upon a sidewalk of Waterbury can have any part in furnishing a cause of action, is that provided by this charter provision,—one in which there is a structural defect in the sidewalk, and this structural defect has been rendered more dangerous by reason of snow or ice upon the walk at this point. Under this section neither the structural defect alone, nor the snow and ice alone, can create a cause of action, but when the structural defect exists and is made more dangerous by snow and ice upon the walk, the structural defect and the snow and ice in combination may create a cause of action provided the other factors are present." *Wladyka* v. *Waterbury*, 98 Conn. 305, 309, 119 Atl. 149. The snow and ice were an essential element in the actionable defect. It follows that notice to the city of the structural defect alone was not sufficient to impose liability. When the trial court found that notice as to the snow and ice had not been proved, judgment for the defendant necessarily followed.

The defendant stated that it would not press its appeal if no error was found on that of the plaintiff. This amounts to a conditional withdrawal of the appeal. The condition has been fulfilled since no error has been found on the plaintiff's appeal. The judgment of this court should therefore state that the defendant's appeal has been withdrawn.

There is no error on the plaintiff's appeal; the defendant's appeal has been withdrawn.

In this opinion the other judges concurred.