HOBOKEN WOOD FLOORING CORPORATION *v.*
TORRINGTON SUPPLY COMPANY, INC., ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 99393
WATERBURY

Memorandum filed November 19, 1991

*Halloran & Sage,* for the plaintiff.

*O'Connell, Flaherty, Attmore & Forsyth,* for the
named defendant.

*Kernan & Henry,* for the defendant Coviello Heating & Supply Company.

BLUE, J. The plaintiff, Hoboken Wood Flooring Corporation, has sued the defendant, Torrington Supply Company, Inc., alleging that Torrington sold it a water heater that ruptured, causing substantial property damage. Other defendants are also being sued, but the plaintiff's claims against them are not involved in the present decision. Torrington Supply is the only defendant involved in this decision.

The revised complaint as it relates to the defendant is in four counts. The wording of these counts is prolix, probably unnecessarily so, but the claims being made are reasonably clear. The first count alleges that the heater was defective and that the defendant is liable to the plaintiff pursuant to General Statutes § 52-572n "under the doctrine of strict product liabil-

ity." The second count alleges that the defendant was negligent in a variety of ways and is therefore "liable under C.G.S. Sec. 52-572m, et seq." The third count alleges that the defendant "was and is a merchant with respect to goods such as the [h]eater within the meaning of C.G.S. Sec. 42a-2-314" and that it is "liable to [the] plaintiff in accordance with C.G.S. Sec. 42a-2-314 and Sec. 52-572n, for the damages sustained because of [a] breach of [an] implied warranty of merchantability." The fourth count alleges that the harm suffered by the plaintiff was the result of the defendant's "reckless disregard for the safety of users and consumers of products manufactured or distributed by it." In its prayer for relief at the end of the complaint, the plaintiff claims "[p]unitive damages on the Fourth . . . Count, pursuant to C.G.S. Sec. 52-240 (b)." This is an obvious, if misprinted, reference to General Statutes § 52-240b.

The defendant has now moved to strike the second, third, and fourth counts on the ground that they fail to state claims on which relief may be granted. The defendant more specifically claims that those counts allege causes of action that may not be pursued in a complaint setting forth a product liability claim. For the reasons that follow, the motion to strike must be denied.

General Statutes § 52-572n (a) provides that: "A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." The term "product liability claim" is statutorily defined as "[including,] but . . . not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn

or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." General Statutes § 52-572m (b). In enacting the product liability act containing these provisions, the legislature clearly intended to make the act "an exclusive remedy for claims falling within its scope." *Winslow* v. *Lewis-Shepard, Inc.,* 212 Conn. 462, 471, 562 A.2d 517 (1989). The relevant legislative history is fully recited in *Winslow* and need not be repeated here. Because of this legislative intent, which clarifies an otherwise ambiguous statute; id., 469; common law counts of product liability must be stricken from complaints setting forth statutory products liability allegations. Id., 471. It is this doctrine that the defendant relies upon in its motion to strike.

The defendant's argument against the fourth count, claiming reckless disregard, is easily dismissed. That count, when combined with the prayer for relief, plainly sets forth a claim for punitive damages pursuant to § 52-240b and does not make any other statutory or common law claim. Section 52-240b was enacted as part of the product liability act, and claims under it are expressly permitted in product liability cases by § 52-572n (a).

The defendant's argument against the second count, while somewhat more plausible, must be dismissed as well. That count makes specific allegations of negligence but concludes with an allegation that the defendant is "liable under C.G.S. Sec. 52-572m, et seq." While negligence is, of course, a common law theory, it is also a theory that may, by statutory definition, form the basis of a "product liability claim." General Statutes § 52-572m (b). The second count can fairly be read as exclusively setting forth a statutory product liability claim under this latter theory and thus states a legally sufficient allegation. It should not be stricken.

The third count of the revised complaint is the most problematic, for it does not exclusively present a product liability allegation. Rather, that count alleges that the defendant is a merchant within the meaning of the Uniform Commercial Code and that it is "liable to the plaintiff in accordance with C.G.S. Sec. 42a-2-314 *and* Sec. 52-572n" for a breach of warranty. (Emphasis added.) There is nothing wrong with a product liability claim that proceeds on the basis of an alleged breach of warranty, for that is expressly contemplated by the definition of "product liability claim" in § 52-572m (b). The teaching of *Winslow,* however, is that the product liability act is an exclusive remedy for claims falling within its scope.

*Winslow* involved a product liability claim that had been joined with common law causes of action and did not discuss the propriety of joining product liability claims with independent statutory causes of action. At the same time, however, the rationale of *Winslow* is absolutely clear. The product liability act "was intended to be the *exclusive* remedy for those persons injured by an allegedly defective product." (Emphasis added.) *Winslow* v. *Lewis-Shepard, Inc.,* supra, 469. Under this rationale, a product liability claim cannot be joined with any other cause of action, common law or statutory.

In spite of this fact, however, the language of the third count claiming that the defendant is liable under § 52-572n for the alleged breach of warranty is a legally sufficient allegation of a product liability claim. "This liability is independent of [Uniform Commercial Code] warranty provisions because recovery under manufacturers' products liability arises from a duty to the public rather than from a contractual relationship." *Waggoner* v. *Town & Country Mobile Homes, Inc.,* 808 P.2d 649, 652 (Okla. 1990). The corresponding claim of the third count, that the defendant is also liable under the Uniform Commercial Code, is technically irrelevant since the product

liability act has preempted the field. The third count is not subject to a motion to strike under Practice Book § 152 (1), because it states a legally sufficient claim. See *Hill* v. *Fair Haven & Westville R. Co.,* 75 Conn. 177, 180, 52 A. 725 (1902).

The plaintiff's complaint against the defendant has a much deeper structural problem not mentioned by the defendant. The complaint is stated in multiple counts. It is clear from the legislative history set forth in *Winslow* v. *Lewis-Shepard, Inc.,* supra, 469–70, that the legislature intended all product liability claims to constitute a single cause of action, and a complaint setting forth a single cause of action "should be confined to a single count." *Goodrich* v. *Stanton,* 71 Conn. 418, 424, 42 A. 74 (1899). The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint. See the model form printed in 3 J. Kaye & W. Effron, Connecticut Practice (1990 Sup.) pp. 81–83. The defendant has not, however, raised this issue in its motion to strike, and, as it happens, each individual count here states a legally sufficient allegation. The problem just noted would be more appropriately addressed by a request to revise.

The motion to strike is denied.