[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AND REQUEST FOR PERMISSION TO AMEND COMPLAINT
The plaintiff argues that it has resolved the issues raised in defendants' Motion to Strike dated October 26, 1992 by proposing an amended complaint in which counts two and three are no longer pled as common law counts but rather as causes of action for breach of merchantability (count two) and for breach of implied warranty of fitness for a particular use, pursuant to Sections 42a-2-314 and 41a-2-315 of the Uniform Commercial Code (UCC).
The defendants have argued in opposition to the proposed amendment that this flies in the face of the holding in Winslow v. Lewis-Shepard, Inc., 212 Conn. 462
(1989), in which case the Supreme Court, in affirming the Motion to Strike, reviewed the legislative history of Connecticut's Product Liability Act; and, concluded that the legislature intended to make that Act an exclusive remedy for claims falling within its scope. The UCC issue came up specifically in Hoboken Wood Flooring Corporation v. Torrington Supply Company, Inc., et al.,42 Conn. Sup. 153 (1992). There the court stated that the third count claim in that case alleging liability under the UCC was "technically irrelevant since the Product Liability Act has pre-empted the field." Supra at 156-157. We agree.
In Hoboken the court told the plaintiff that the issues it had attempted to raise as separate counts could be incorporated in a single count products liability act claim as separate theories. "The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint." CT Page 2132 Supra at 157.
The plaintiff argues that its proposed amendment renders the October 26, 1992 Motion to Strike moot since UCC statutory claims are being substituted for the common law claims. Since the proposed amendment does not in fact resolve the problem identified by the defendants in their objection to that proposed amendment there is no point to allowing the amendment. Accordingly, the Motion to Amend the Complaint is denied.
We go next to the October 26, 1992 Motion to Strike and grant this motion striking counts two and three of the complaint dated August 25, 1992, thus affording the plaintiff the opportunity, if it wishes to do so, to replead its complaint along the lines set forth in Hoboken.
Mary R. Hennessey, Judge