[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Beverly Scovish, as Administratrix of the Estate of Walter Scovish, filed a six count complaint against the defendants Upjohn Co. (hereinafter "Upjohn") and Dr. Eric Thompson on April 21, 1993. Counts one through four are against Upjohn while counts five and six are against Dr. Thompson.
On June 3, 1993, Upjohn filed a request to revise count one of the plaintiff's complaint which sounds in product liability.
Upjohn requests that the plaintiff either delete or separate out paragraphs 17 and 18 which essentially allege that Upjohn violated the Connecticut Food Drug and Cosmetic Act, General Statutes 21a-91 in numerous ways. Upjohn alleges that these paragraphs, which set out a statutory cause of action, should either be separated out or deleted entirely from the first count which sounds in product liability.
Upjohn's second request is substantially similar to its first. Upjohn requests that the plaintiff either delete or separate out paragraphs 19 and 20 from her first count. The plaintiff alleges in paragraphs 19 and 20 that Upjohn violated the Connecticut Retail Drug Control Act, General Statutes 21a-126 in numerous ways.
DISCUSSION CT Page 7605
A party may file a request to revise an adverse party's pleading "[w]henever any party desires to obtain . . . the (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense. . . ." Practice Book 147.
The plaintiff sets out a product liability action in count one of her complaint. General Statutes 52-572n, which is Connecticut's Product Liability Act (hereinafter "PLA"), is the exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989). Although General Statutes 52-572n
allows a plaintiff to plead different theories of recovery, negligence, strict liability and warranty for example, such claims constitute a single cause of action and should be confined to a single count in the plaintiff's complaint. Hoboken Wood Flooring Corporation v. Torrington Supply Co.,42 Conn. Sup. 153, 155, 606 A.2d 1006 (1991).
The plaintiff argues that the paragraphs which are the subject of the defendant's request to revise are appropriately contained in the first count of her complaint because they allege a claim for negligence per se.
In order to prevail on a claim of negligence per se, a plaintiff must satisfy two conditions: "1) the plaintiff must be a member of the class protected by the statute; and 2) the injury must be of the type the statute was intended to prevent." Small v. South Norwalk Savings Bank, 205 Conn. 751, 760, 535 A.2d 1292 (1988), citing Wright v. Brown, 167 Conn. 464, 356 A.2d 176 (1975).
The plaintiff has not pled, in paragraphs 17 and 18 nor in paragraphs 19 and 20, that she or her decedent is a member of the class protected by the statutes she cites in these paragraphs. As such, the paragraphs read as a claim for the violation of the Connecticut Food, Drug and Cosmetic Act, and as a claim for the violation of the Connecticut Retail Drug Control Act. As these claims are not alternative theories of recovery contemplated under the PLA, General Statutes 52-572m(b), they are not appropriately contained in the same count as the plaintiff's product liability claim. CT Page 7606
However, a statutory action may be maintained in the same action as a product liability count in certain circumstances and therefore paragraphs 17 and 18, and paragraphs 19 and 20 need not be deleted from the plaintiff's complaint. See West Haven School District v. Owens-Corning Fiberglass Corp., Civ. No. H-85-1056 (AHN) (D.Conn., November 7, 1988, Nevas, J.) (claims precluded by PLA only if they are "co-extensive" with the product liability claim); Howell v. Capitol Chemical Ind. Inc., 7 Conn. L. Rptr. 88
(August 10, 1992, Katz, J.) (West Haven School District v. Owens-Corning Fiberglass Corp. test applied to a claim under the UCC); Notman v. Ford Motor Co., 6 Conn. L. Rptr. 117
(March 30, 1992, Burns, J.) (a claim under CUTPA may be maintained in the same action as a product liability claim if the facts alleged are functionally distinct from those supporting the product liability claim).
The plaintiff's objection to the Upjohn's request to revise is overruled and the plaintiff ordered to separate paragraphs 17 and 18, and paragraphs 19 and 20 from the first count of her complaint.
Hurley, J.