[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The facts as alleged in the amended complaint are as follows: On May 9, 1991, the defendant, Dr. Eric Thompson (Thompson), prescribed the drug Halcion to the plaintiff's CT Page 2382 decedent, Walter Scovish. On August 13, 1991, as a result of ingesting the drug, the decedent died.
On April 21, 1993, the plaintiff, Beverly Scovish, in her capacity as administratrix of the Estate of Walter Scovish, filed a six-count complaint against the defendants, The Upjohn Company (Upjohn), manufacturer of the drug Halcion, and Thompson. Counts one through four are directed at defendant Upjohn and, allege a claim under Connecticut Products Liability Act (CPLA), violations of the Connecticut Unfair Trade Practices Act (CUTPA), loss of consortium and medical expenses and violations of CUTPA by Beverly Scovish, individually. Counts five and six are against defendant Thompson and allege medical malpractice and loss of consortium and medical expenses, respectively.
On October 15, 1993, defendant Upjohn filed a motion to strike paragraphs 7, 8, 19, 20, 24 and 25 of the first count, and the second and fourth counts in their entirety. In addition, the defendant filed a memorandum of law in support of its motion to strike. On November 4, 1993, the plaintiff filed an objection to the defendant's motion to strike along with a memorandum in support thereof. On December 8, 1993, the defendant filed a supplemental motion to strike paragraphs 17, 18, 19 and 20. The plaintiff also filed a memorandum of law in support thereof, and on January 10, 1994, the plaintiff filed a supplemental memorandum of law in support of its objection to the defendant's motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id., 108. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the pleading "in the manner most favorable, to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations of the pleading would not support a cause of action, the motion to strike must be granted. CT Page 2383 Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
Count One — Products Liability
The defendant moves to strike paragraphs 7 and 8 of the first count on the ground that a claim for strict liability in tort is not permitted in a pharmaceutical product liability case. The defendant moves to strike paragraphs 19 and 20 on the ground that the Retail Drug Control Act does not establish a private cause of action and cannot be used to establish negligence per se. The defendant moves to strike paragraphs 17, 18, 19 and 20 on the ground that the allegations contained therein are based upon penal statutes and therefore do not survive under General Statutes52-599. Finally, the defendant moves to strike paragraphs 24 and 25 of the first count on the ground that the plaintiff may not recover under the CPLA for fraud, and the plaintiff has failed to plead fraud with particularity.
"An individual paragraph contained in a complaint . . . is not the proper subject of a motion to strike unless it embodies an entire cause of action." State v. DiLieto, Superior Court, Judicial District of New London, Docket No. 515353 (January 24, 1992, Hendel, J.), citing DePray v. St. Francis Hospital,2 CSCR 691 (July 13, 1987, Dorsey, J.); Donovan v. Davis, 85 Conn. 394,397 (1912); see also Hanif v. Asylum Hill, Inc.,8 Conn. L. Rptr. 499, 500 (March 15, 1993, Wagner, J.); Michaud v. St. Mary's Hospital, 4 Conn. L. Rptr. 442 (August 21, 1991, Byrne J.); The Grove Corporation v. Tinty, 3 Conn. L. Rptr. 647 (January 4, 1991, Hennessey, J.); Bourquin v. Melsungen, 5 CSCR 721 (September 4, 1990, Miano, J.). Therefore, unless paragraphs 7 and 8, 19 and 20, and 24 and 25, set forth entire causes of action, the defendant's motion to strike must fail.
Paragraphs 7, 8, 17, 18, 19 and 20
Paragraphs 7 and 8 provide:
 7. During the time that the plaintiff's decedent took Halcion, and continuing thereafter, said drug was in a defective condition, unreasonably safe to the plaintiff's decedent in that, when taken in therapeutic amounts, Halcion caused the plaintiff's decedent to suffer [certain] . . . side effects. CT Page 2384
 8. The above-described defective condition of Halcion was a substantial factor in producing the death of the plaintiff's decedent.
(Plaintiff's Amended Complaint, Count One, paragraphs 7 and 8.) Paragraphs 17 and 18 provide: "The defendant violated the Connecticut Food, Drug and Cosmetic Act, . . . General Statutes21a-19 et seq. . . . . The defendant's violation of [General Statutes]21a-19 et seq. was a substantial factor in producing the plaintiff's decedent's death, and the plaintiff's decedent was a member of the class protected by this statutory scheme." (Plaintiff's Amended Complaint, Count One, paragraphs 17 and 18.) Paragraphs 19 and 20 provide:
 19. The defendant violated [General Statutes] 21a-126 et seq. in at least one of the following ways, in that:
 a. Its advertising of Halcion was either intentionally inaccurate in at least one material particular or misrepresented the use or quality of said drug in violation of . . . 21a-127;
 b. Its advertising or selling methods tended to deceive or mislead the plaintiff's decedent in violation of . . . 21a-127.
 20. The defendant's violations of [General Statutes] 21a-126 et seq. was a substantial factor in producing the plaintiff's decedent's death, and the plaintiff's decedent was a member of the class protected by this statutory scheme.
(Plaintiff's Amended Complaint, Count One, paragraphs 19 and 20.)
 It is clear from the legislative history set forth in Winslow [v. Lewis-Shepard, Inc., 212 Conn. 462, 562 A.2d 517 (1989,] that the legislature intended all product liability" CT Page 2385 claims to constitute a single cause of action; [Id.], 469-70; and a complaint setting forth a single cause of action "should be confined to a single count." . . . The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint.
(Citations omitted.) Hoboken Wood Flooring Corporation v. Torrington Supply Co., 42 Conn. Sup. 153, 157, 606 A.2d 1006
(1992).
In paragraphs 7, 8, 17, 18, 19 and 20, the plaintiff attempts to allege several distinct theories of recovery under the CPLA. Accordingly, paragraphs 7, 8, 17, 18, 19 and 20 do not embody entire causes of action, and the defendant's motion to strike as to paragraphs 7, 8, 17, 18, 19 and 20 is denied.
Paragraph 24
In paragraph 24, the plaintiff alleges that "[t]he defendant fraudulently concealed information regarding Halcion and said fraudulent concealment was a proximate cause of the plaintiff's harm . . . [, and] seeks remedy under [General Statutes]42a-2-721." (Plaintiff's Amended Complaint, Count One, paragraph 24.) Paragraph 24 sets forth another theory of liability under the CPLA.
To the extent that paragraph 24 attempts to set forth a claim pursuant to Article 2 of the Uniform Commercial Code it is improper. See Hoboken Wood Flooring Corporation v. Torrington Supply Co., supra, 156-57. However, "if any allegation contained in [a] paragraph is legally sufficient to state a claim, the motion to strike should be denied." Hanif v. Asylum Hill, Inc., supra, 500, citing Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183
(Super.Ct. 1965); Ashan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.). Since paragraph 24 also sets forth a claim under the CPLA, the motion to strike paragraph 24 is denied.
Paragraph 25
The defendant first moves to strike paragraph 25 of the first count on the grounds that the CPLA does not recognize a theory of recovery based upon fraudulent misrepresentation. In paragraph 25, the plaintiff alleges: CT Page 2386
 The defendant made false representation of material fact. Said false representation was made by the defendant as a statement of fact, while it was known to be untrue by the defendant. Said false representation was made to induce the plaintiff's decedent and/or his agent to act on it [and he] and/or his agent did so act on it to his injury.
(Plaintiff's Amended Complaint, Count One, paragraph 25.)
General Statutes 52-572m defines a product liability claim to include "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." General Statutes52-572m(b). Section 52-572m further provides that "`Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence breach of warranty, express or implied, breach of or failure to discharge a duty to warn or instruct . . .; misrepresentation or nondisclosure, whether negligent or innocent . . .; (Emphasis added.) General Statutes 52-572m(b). Therefore, the allegations of fraudulent misrepresentation fall within the definition of a product liability claim as defined in General Statutes 52-572m.
The defendant also moves to strike paragraph 25 on the ground that the plaintiff has failed to plead fraud with particularity. A request to revise, however, and not a motion to strike, is the proper vehicle for obtaining a more complete or particular statement. Practice Book 147 ("Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading . . . [such] party . . . may file a timely request to revise that pleading.") Accordingly, the defendant's motion to strike paragraph 25 of the first count is denied.
Count 2 — CUTPA
The defendant moves to strike the second count of the plaintiff's amended complaint on the ground that the CPLA is the plaintiff's exclusive remedy. Although "[a] CUTPA claim, arising CT Page 2387 out of the same transaction, or occurrence, may be pleaded as a separate count in an action under the Connecticut Product Liability Statutes"; Estate of Andrea L. Notman v. Ford Motor Company, 6 Conn. L. Rptr. 117, 117 (March 4, 1992, Burns, J.), citing D'Alfonso v. Jacobs Suchard, Inc., 4 Conn. L. Rptr. 220
(July 1, 1990, Aronson, J.); Haeshe v. Kissner, 4 CSCR 718 (August 15, 1989, Berdon, J.); if the CUTPA claim "`is essentially identical — in wrongs asserted and in relief sought — with that being pursued under the PLA, then it comes within the [PLA's] scope and must be precluded.'" Christy v. Soft Sheen Products,8 CSCR 404, 405 (March 19, 1993, Ballen, J.), quoting Utica Mutual Insurance Co. v. Denwat Corp., 778 F. Sup. 592, 597 (D.Conn. 1991); see also Estate of Andrea L. Notman v. Ford Motor Company, supra, 118 (CUTPA claim barred where it is "basically co-extensive with" or "functionally identical to"a simultaneously pled product liability claim.
In Estate of Andrea L. Notman v. Ford Motor Company, supra, the court held that a CUTPA claim which merely incorporates the allegations of the plaintiff's product liability claim was "functionally identical" to the plaintiff's product liability claim and was therefore barred by the CPLA. Id., 118. The second count of the plaintiff's complaint merely incorporates the allegations of the plaintiff's products liability claim (count one) and alleges that "[t]he plaintiff's decedent suffered an ascertainable loss as a result of the use or employment by the defendant of unfair or deceptive acts as described [in count one], in violation of [CUTPA]." (Plaintiff's Amended Complaint, Count Two, paragraph 2.) Therefore, the plaintiff's CUTPA claim is within the scope of the CPLA. Accordingly, the defendant's motion to strike count two is granted.
Count Four — CUTPA
The defendant also moves to strike the fourth count of the plaintiff's amended complaint on the ground that the CPLA is the plaintiff's exclusive remedy. It should first be noted that the fourth count is a CUTPA claim brought by Beverly Scovish in her individual capacity and not in her capacity as administratrix of the estate. However, Beverly Scovish, individually, is not a party to the present action. The only plaintiff in the present action is Beverly Scovish, as administratrix of the Estate of Walter Scovish. (See Plaintiff's Amended Complaint, Count One, paragraph 1; Count Five, paragraph 1; and Summons.) CT Page 2388
"Standing goes to the court's subject matter jurisdiction." Stroiney v. Crescent Lake Tax District, 205 Conn. 290,294, 533 A.2d 208 (1987). "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action. . . ." Tomlinson v. Board of Education, 226 Conn. 704, 717,629 A.2d 333 (1993). "In the determination of standing the primary focus is on whether the party bringing the complaint, is the proper party to request an adjudication of the issue. . . ." Civil Service Commission v. Pekrul, 41 Conn. Sup. 302, 307,571 A.2d 715 (1990, Barnett, J.), citing Flast v. Cohen, 392 U.S. 83,99-100, 88 S.Ct. 1942, 20 L.Ed. 947 (1968).
The plaintiff, Beverly Scovish, in her capacity as administratrix of the Estate of Walter Scovish, has no standing to bring claims on behalf of Beverly Scovish, individually. Accordingly, the court lacks jurisdiction over this count, and, therefore, the court dismisses this count sua sponte.
Counts Three and Six
Counts three and six are also brought on behalf of Beverly Scovish, individually. For the same reasons discussed above, the plaintiff, Beverly Scovish, in her capacity as administratrix of the Estate of Walter Scovish, lacks standing to bring the claims alleged in counts three and six. Accordingly, the court lacks jurisdiction over counts three and six and dismisses counts three and six sua sponte.
Austin, J.