[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a statutory product liability action. The plaintiff alleges that the defendant sold, installed and serviced furnaces at the plaintiff's church. The plaintiff alleges that the furnaces were defective, in that gaps present in the flue piping allowed exhaust gases from the furnaces to enter the interior of the church and thus damage the church's property. In the third count, the plaintiff alleges that the property damage suffered by the plaintiff was the result of the defendant's reckless disregard for the safety of its product users and seeks punitive damages under General Statutes § 52-240b. CT Page 4815
The defendant moves to strike the third count, arguing that General Statutes § 52-240b does not permit punitive damages when a plaintiff seeks to recover only for property damage.
 The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992).
General Statutes § 52-240b provides in relevant part as follows:
 Punitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product.
The defendant cites several case holding that punitive damages are not awardable when the plaintiff's product liability action seeks recovery only for property damage. See BrianRealty v. Pinnacle Equipment Corp., 3 CSCR 720 (1988) (McDonald, J.); L W Supply Corp. v. Timberland Machines, Inc.,
U.S. District Court, District of Connecticut, Docket No. H-80-748 (Sept. 27, 1993) (Claire, J.), 10 CLTr No. 12, p. 7. As noted by the defendant, these courts have reasoned that the words "injured by the product," in the text of the statute indicate that punitive damages are recoverable only when the seller's reckless disregard for the safety of product users results in personal injury.
The plaintiff cites to American Airlines, Inc. v. NationalAutomatic Products Co., 39 Conn. Sup. 269 (1984), and HobokenWood Flooring Corp. v. Torrington Supply Co., Inc., 42 Conn. Sup. 1535 Conn. L. Rptr. 220 (1992), which allowed punitive damages in product liability actions seeking recovery only for property damages. CT Page 4816 In American Airlines, Inc. v. National Automatic Products Co.,
supra, the court found that the "legislative meaning attributed to the words `claimant' and `harm' are sufficiently broad to permit an award of punitive damages in connection with a product liability claim involving only property damage." The court held that this construction of the statute properly focuses the award of punitive damages on the conduct of the seller, rather than the nature of the injury suffered. See also A. Zakarian and B. Gulaino, Survey of Connecticut Tort Law, 59 C.B.J. 67-68 (1984).
However, this court has previously held that the plain language of the statute indicates a legislative intent to limit punitive damages to actions seeking recovery for personal injuries. The intent of the legislature is to be found in the language of the statute, if that language is plain and unambiguous.Kilduff v. Adams, Inc., 219 Conn. 314, 336, 593 A.2d 478
(1991); State v. Ellis, 197 Conn. 436, 442, 497 A.2d 974 (1985);State v. Gilbert, 30 Conn. App. 428, 440, 620 A.2d 822 (1993). "[W]here the wording [of a statute] is plain, courts will not speculate as to any supposed intention because the question . . . is not what the legislature actually intended, but what intention it expressed by the words that it used." (Internal quotation marks omitted.) Kilduff v. Adams, Inc., supra,219 Conn. 336. Also, a statute must be construed in such a manner that no part of the section is treated as insignificant or unnecessary. 84 Century Limited Partnership v. Board of TaxReview, 207 Conn. 250, 263, 541 A.2d 478 (1988); Verrastro v.Sivertsen, 188 Conn. 213, 220, 448 A.2d 1344 (1982).
The term "harm" is defined by General Statutes § 52-572h(d) for the purposes of the Connecticut Product Liability Act as follows:
 "Harm" includes damage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, "harm" does not include commercial loss.
The legislature therefore intended the term "harm" to encompass two distinct concepts, property damage and personal injury. Accordingly, the legislature's use of only the term "injury" in § 52-240b would seem to limit the application of the statute to the personal injury aspect of the broader concept of "harm." To construe the statute to allow punitive damages for property damage alone would therefore render the last clause of the CT Page 4817 portion of § 52-240b quoted above completely superfluous. The plain language of the statute conditions the award of punitive damages on proof that "product users, consumers or others" were "injured" by the seller's "reckless disregard" for their "safety," not "injured or suffered property damage" by the seller's reckless conduct as to them "or their property." Requiring proof of personal injury resulting from the seller's reckless disregard for consumers' safety harmonizes the legislature's use of this language.
Accordingly, the court holds under General Statutes § 52-240b, punitive damages are not awardable where the plaintiff's product liability action seeks recovery only for property damage. See Brian Realty v. Pinnacle Equipment Corp., supra,3 CSCR 720; L W Supply Corp. v. Timberland Machines, Inc.,
supra. Therefore, the defendant's motion to strike the third count of the plaintiff's second revised complaint should be and is granted.
/s/ McDonald, J. McDONALD