[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts:
On October 4, 1995, the plaintiff, Mary Brangi, filed a revised five-count complaint against the defendants,, Faulkner Physical Therapy Group, Inc., Premark International, Inc., Vincenzo Verna, Slip Guard Systems, Inc. (Slip Guard), and Scott Swimming Pools, Inc., to recover damages for injuries resulting from a slip and fall on or about June 25, 1993, at a physical therapy pool at the Faulkner Physical Therapy Group facilities. In count four of the revised complaint, which is the subject of this motion to strike, the plaintiff alleges that defendant Slip Guard manufactured and supplied the floor system that covered the area in and around the physical therapy pool. The plaintiff further alleges that her injuries were caused by the negligence of the defendant in that "a. It represented that its slip guard floor systems would make tiles less slippery when it knew or should have known it was dangerous to do so. b. It represented that its product, slip guard system, had a slip resistant quality when a slip actually occurred when it knew or should have known that it was dangerous to do so. c. It sold its product, with the knowledge that it would be used in a facility for injured persons who were susceptible to falling and being seriously injured by doing so, when it knew or should [have known] that it was not an appropriate product for that use. d. It represented and/or guaranteed that its product was slip resistant when it was not slip resistant." Plaintiff's Revised Complaint, Count Four, ¶ 5. The plaintiff now seeks monetary damages. CT Page 1366
On October 16, 1995, Slip Guard filed a motion to strike count four of the revised complaint on the ground that it is legally insufficient in that it fails to set forth the necessary elements to recover in a products liability action. . . .
Discussion:
General Statutes § 52-572n(a) provides in pertinent part: "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." A "product liability claim" is defined as "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." General Statutes § 52-572m(b). "The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard,Inc., 212 Conn. 462, 471, 562 A.2d 517 (1989).
Nevertheless, a "product liability claim" includes, but is not limited to, "all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." General Statutes § 52-572m(b). "[T]he act was intended to merge various theories into one cause of action rather than to abolish all prior existing rights." (Footnote omitted.) Lynn v. HaybusterMfg., Inc., 226 Conn. 282, 292, 627 A.2d 1288 (1993). "[T]he legislature was merely recasting an existing cause of action and was not creating a wholly new right for claimants harmed by a product." Id. . . .
The defendant moves to strike the fourth count of the plaintiff's revised complaint on the ground that the plaintiff has failed to allege any of the elements necessary to sustain a cause of action based upon the Connecticut Products Liability Act, General Statutes § 52-572m et seq. In support of this argument, the defendant cites to Giglio v. Connecticut Light Power Co., 180 Conn. 230, 234, 429 A.2d 486 (1980), for the elements of a products liability claim. Giglio, however, establishes the five elements that a plaintiff must prove in order to recover under the doctrine of strict liability in tort. CT Page 1367 Id., 233, 234 ("we are restricting our discussion to the second count of the substitute complaint relating to strict liability in tort"). The defendant appears to argue in its memorandum that in order to recover in a products liability action the plaintiff must plead and prove the five elements required by the doctrine of strict liability in tort. This, of course, is not the case. . . .
The gravamen of the plaintiff's claim is that the defendant represented that its floor covering was slip resistant when it knew or should have known that it was not, and that such negligence was the proximate cause of the plaintiff's injuries. When viewed in the light most favorable to the pleader, the fourth count of the plaintiff's revised complaint makes allegations against Slip Guard based on either negligent misrepresentation or breach of warranty. [Footnotes omitted.] While negligent misrepresentation and breach of warranty are both common law theories, they are also theories "that may, by statutory definition, form the basis of a product liability claim.'" Hoboken Wood Flooring Corp. v. Torrington Supply Co.,42 Conn. Sup. 153, 155, 606 A.2d 1006 (1991, Blue, J.),) citing General Statutes § 52-572m(b). "There is nothing wrong with a product liability claim that proceeds on the basis of an alleged breach of warranty [or negligent misrepresentation], for that is expressly contemplated by the definition of `product liability claim' in § 52-572m(b)." Id., 156.
"[U]nder the rules of practice governing pleading, a party may plead legal effect as long as the pleading `fairly [apprises] the adverse party of the state of facts which it is intended to prove.'" D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 220,520 A.2d 217 (1987), quoting Practice Book § 109. The facts alleged by the plaintiff in the present case apprised the defendant of the plaintiff's intent to pursue a claim for negligent misrepresentation or breach of warranty, and thus the plaintiff is proceeding based on a theory "that may, by statutory definition, form the basis of a `product liability claim.'"Hoboken Wood Flooring Corp. v. Torrington Supply Co., supra, 42 Conn. Sup. 155. Accordingly, the defendant's motion to strike is denied.
Practice Book § 109A(a) provides that "[w]hen any claim made in any complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by number." (Emphasis added.). . . . CT Page 1368
The plaintiff in the present case failed to cite to the products liability statute in the revised complaint. Although the plaintiff failed to cite to General Statutes § 52-572m et seq. as the basis for her action, the Supreme Court has held "that § 109A is merely directory and not mandatory." Steelev. Stonington, 225 Conn. 217, 221 n. 7, 622 A.2d 551 (1993). Furthermore, the defendant has failed to raise this issue on the present motion to strike. . . .
Zoarski, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1372