[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff, Olga Schimanski, has brought this products liability case in a ten count complaint. Five counts are alleged against the defendant Estee Lauder Service, Inc. and five counts against the defendant Macy's East, Inc. Both defendants have moved to strike various counts of the complaint. Specifically, Estee Lauder Services, Inc. asserts that all counts against it should be stricken due to misjoinder. Both defendants further claim that all counts sounding in so called "common law" products liability should be stricken because the Connecticut Product Liability Act, General Statutes §§ 52-572m to 52-572q provides the exclusive remedy for product liability claims. For the reasons set forth below, the motion to strike is denied.
Misjoinder
Estee Lauder Services, Inc. claims that it was improperly joined in the plaintiff's lawsuit because it does not manufacture the eye cosmetics involved in the case. In paragraph two of the complaint, the plaintiff alleges that Estee Lauder Services, Inc. was a manufacturer of the eye creme and mascara alleged to be defective.
It is well settled that in ruling on a motion to strike, the court is limited to the facts alleged in complaint and must construe those facts most favorably to the plaintiff. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215
(1992). In this case, since the plaintiff has alleged that Estee Lauder Services, Inc. manufactured the products involved, that factual allegation is sufficient to withstand a motion to strike.
Common Law Product Liability Claims
Both defendants claim that counts two, three, four, five, seven, eight, nine, and ten should be stricken because they allege common law product liability claims in contravention of the exclusivity of the Connecticut Product Liability Act. In support of their claims, they point to the statutory language of CT Page 842 § 52-572n(a) stating that statutory product liability claims "shall be in lieu of all other claims against product sellers." The defendants further point to Winslow v. Lewis-Shepard, Inc.,212 Conn. 462, 471 (1989), wherein the Supreme court affirmed that in enacting the product liability act the legislature intended to make the act "an exclusive remedy for claims falling within its scope.
The plaintiff, while acknowledging the above law, claims that the counts in question are not claims of common law product liability but rather are statutory claims that assert different grounds are encompassed within the Connecticut Product Liability Act. The plaintiff points out that each of the challenged counts contains an allegation of statutory liability under § 52-572.
Because each challenged count alleges statutory liability, albeit combined with a common law theory that is also the basis of a statutory claim, the motion to strike must be denied.Hoboken Wood Flooring Corporation v. Torrington Supply Co.,42 Conn. Sup. 153, 155 (1991). By including the statutory claim, each of these counts states a legally sufficient cause of action sufficient to defeat a motion to strike.
The plaintiff's complaint, however, improperly divides a single cause of action (statutory product liability) into multiple counts. See Goodrich v. Stanton, 71 Conn. 418, 424
(1899) (a complaint setting forth a single cause of action should be confined to a single count), see also Hoboken Wood FlooringCorporation v. Torrington Supply Co., supra 157 (the fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint). A motion to strike is not the proper procedural vehicle to accomplish such revision. Such an issue is more properly dealt with by a request to revise.
The motions to strike filed by both defendants are denied.
So Ordered at New Haven, Connecticut this 5th day of January, 1999.
Devlin, J. CT Page 843