[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#110)
The plaintiff, Laurie Arguetta, brings this action as administratrix of the estate of her daughter, Marissa Arguetta, who died as a result of strangulation after an automatic garage door closed on her neck. The defendant, Overhead Door Corporation, manufactured the automatic garage door that allegedly caused Marissa Arguetta's death.
The defendant now moves to strike paragraph 7(g) of count one of the plaintiff's revised complaint on the ground that it is legally insufficient because there is no duty to recall automatic doors already sold and installed. The defendant has filed a memorandum of law in support of its motion and the plaintiff has filed a memorandum in opposition thereto. The defendant has filed a reply memorandum in response to the plaintiff's objection.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs . . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.) Griffith v. Espada, Superior Court, judicial district of New Britain, Docket No. 489998 (January 25, 1999, Robinson, J.).
The defendant argues that there is no duty to recall absent government action. In response, the plaintiff argues that it is procedurally improper to strike a single paragraph in a count, and therefore, the motion to strike should be denied. In the alternative, the plaintiff argues that Connecticut should recognize a duty to recall and that a failure to perform that duty can give rise to manufacturer liability.
Connecticut's product liability act, General Statutes § 52-572m et seq., is the exclusive remedy for claims against product sellers for harm caused by a product. See General Statutes § 52-572n(a). This statutory scheme, however, does not address under what circumstances a manufacturer may be liable for a failure to recall a defective automatic garage door opener. CT Page 9224
"As with any issue of statutory interpretation, our initial guide is the language of the operative statutory provisions." In re Baby Z.,247 Conn. 474, 498 794 A.2d 1035 (1999). General Statutes § 52-572m
(b) provides: "`Product liability claim' includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim' shall include, but isnot limited to, all actions based on the following theories: Strict liability in tort; negligence, breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." (Emphasis added.) "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." (Internal quotation marks omitted.)In re Baby Z., supra, 247 Conn. 499. Section 52-572m (b), however, by employing the words "but is not limited to" clearly indicates that the list of theories under which a product liability claim may be brought is not exclusive. Therefore, although the act does not state that manufacturers may be liable for failure to recall, the act implies that such a theory is viable given the fact that the list is not exclusive.[1]
"It is clear from the legislative history set forth in Winslow v.Lewis-Shepard, Inc., [212 Conn. 462, 469-70, 562 A.2d 517 (1989)] that the legislature intended all product liability claims to constitute a single cause of action, and a complaint setting forth a single cause of action `should be confined to a single count.' Goodrich v. Stanton,71 Conn. 418, 424, 42 A.2d 74 (1899). The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint." Hoboken Wood Flooring Corporation v. TorringtonSupply Co., 42 Conn. Sup. 153, 157, 606 A.2d 1006 (1991).
Paragraph 7(g) of the plaintiff's complaint alleges that the defendant failed to recall a garage door opener that was defectively designed, and alleges harm as a result of that failure. Therefore Paragraph 7(g) is an alternate theory of liability under the umbrella of the product liability act, and not an attempt to state a new and distinct cause of action. Accordingly the instant motion to strike a single paragraph in a count that does not contain a separate cause of action is procedurally improper and, therefore, the motion to strike is denied.
SKOLNICK, J.