[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE BY DEFENDANTS McGHAN MEDICAL CORPORATION, INAMED CORPORATION AND MINNESOTA MINING MANUFACTURING COMPANY #108.50
This action was initiated in 1994 by the plaintiff, Linda Adamson, seeking to recover for injuries she attributes to breast implants and alleged medical malpractice of the surgeon who performed the breast reconstruction surgery. The first two counts are directed against the product manufacturers and distributers (McGhan Medical Corporation, McGhan Nusil Corporation, Inamed Corporation and Minnesota Mining 
Manufacturing Company, Union Carbide Chemicals Plastics Company, and Union Carbide Corporation) alleging violations of the Connecticut Products Liability Act (count one) and the Connecticut Unfair Trade Practices Act (count two). The third through seventh counts are directed against Mark H. Weinstein, M.D., and Mark H. Weinstein, M.D., P.C., alleging products liability (count three), medical malpractice (counts six and seven), failure to obtain informed consent (count five), and violations of Connecticut Unfair Trade Practices Act (count four). The original complaint dated July 22, 1994, references as defendants all of the product manufacturers, distributors and medical practitioners listed above.
The defendants Mark H. Weinstein, M.D., P.C. and Mark H. Weinstein, M.D., individually, filed a crossclaim on September 8, 1994, against the other named defendants, including the McGhan Medical Corporation, Inamed Corporation and Minnesota Mining Manufacturing Company (moving defendants).[1] The crossclaim seeks, in its first count, indemnity from the moving defendants on active/passive negligence, and the second count seeks contribution from them. The motion to strike seeks to strike the crossclaim in its entirety.
"A motion to strike tests the legal sufficiency of the allegations of any complaint, counterclaim or crossclaim . . . to state a claim upon which relief may be granted. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989); Practice Book § 10-39(a)(5). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v.United Technology Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "In deciding upon a motion to strike . . . the trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by CT Page 8609 the assumption of any facts not therein alleged. . . ." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "[A motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . ." (Citations omitted.) Mingachos v. CVS,Inc., 196 Conn. 91, 108, 491 A.2d (1985). "The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action the motion to strike must be denied. . . ." (Citations omitted; internal quotation marks omitted) Faulkner v. United Technology Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The motion to strike the crossclaim in issue asserts that this pleading is legally insufficient for the following reasons:
 a. A crossclaim is impermissible in a products liability action, in which all parties to the crossclaim are already parties to the underlying action; and
 b. The [moving defendants] were not in exclusive control of the situation at issue in this case.
The court, in reliance on Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,535 A.2d 537 (1998), agrees that a crossclaim is impermissible in a products liability action in which all parties to the crossclaim are already parties to the underlying action.
In Kyrtatas, the products liability claim was commenced against the seller and distributor (Stop Shop) of an aerosol window cleaner, the designer of the formula and filler of the cans (Shields Packaging), and the manufacturer of the can (Crown Cork Seal Company, Inc.). Crown Cork and Stop Shop filed crossclaims against each other and Shield Packaging seeking indemnity (active/passive negligence). Shields Packaging sought to dismiss the crossclaims, arguing that indemnity is inapplicable in the context of a products liability action. The decision in Kyrtatas finds the common law doctrine of indemnification inconsistent with the provision of the Connecticut Products Liability Act concerning comparative responsibility, award of damages, and contribution under General Statutes § 52-572 (o). The court found that §§ 52-572 (o), 52-572 (b), 52-572
(c), and 52-572 (d) could not be reconciled with the common law doctrine of indemnification. "Comparative responsibility is inconsistent with indemnification because [comparative responsibility] allows a jury to CT Page 8610 assign liability in specific proportion among several defendants on the basis of evidence presented while [indemnification] arose in response to the common law prohibition against contribution." Kyrtatas v. Stop Shop, Inc., supra, 205 Conn. 700. Indemnification would only apply in situations in which a passive joint tortfeasor has no actual responsibility for a tort. Id.
The Kyrtatas decision was limited by the Connecticut Supreme Court's decision in Malerba v. Cessna Aircraft Co., 210 Conn. 189, 554 A.2d 287
(1989). The Malerba decision allowed a crossclaim for indemnification and contribution based on active/passive negligence when the proposed indemnitors were not defendants in the original action. Kyrtatas was not overruled by Malerba, which specifically noted that "our holding inKyrtatas v. Stop Shop, Inc., 205 Conn. 694, 702 n. 2, 535 A.2 357 (1988), was specifically limited to its factual circumstances which are different from the procedural posture in which we find this case."Malerba v. Cessna Aircraft Co., supra, 210 Conn. 198 n. 9.
The court concludes that this case is in the same procedural posture asKyrtatas and, thus, Kyrtatas is controlling law. This is the conclusion of the majority of superior court decisions addressing this issue. UnitedService Auto Association v. Minwax, Inc., Superior Court, judicial district of New London at New London, Docket No. 525278 (June 7, 1994,Leuba, J.); Miller v. Northeast Utilities, Superior Court, judicial district of New London at New London, Docket No. 520484 (April 20, 1993,Hurley, J.); Buda v. Valley Diner, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 040631 (January 20, 1993, Flynn, J.); United States Fidelity v. McDonnell Leasing Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112492 (June 1, 1992, Rush, J.); Hoboken Wood Flooring Corp. v.Torrington Supply Co., Inc., 42 Conn. Sup. 153, 606 A.2d 1006 (1991) (Blue, J.); Hall v. Sarstedt, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 096190 (September 11, 1990,Flynn, J.); Malinowski v. Friedrich Air-Conditioning Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0098955 (August 16, 1990, Hickey, J.); Barr v. Harbor Park Associates, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126722 (November 22, 1995, Lewis, J.); Grenier v. New HavenScaffolding, Superior Court, judicial district of Hartford at Hartford, Docket No. 590933 (July 26, 2001, Peck, J.); Terry v. Palace Aids, Inc., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 0078989 (June 20, 2001, Cremins, J.); Parziale v. Salvatore, Superior Court, judicial district of Waterbury, Docket No. 142725 (August 14, 1998, Carroll, J.); and Sheraton Hartford Hotel v. Shindler Elevator,Co., Superior Court, judicial district of Hartford, Docket No. 527114 (June 10, 1996, Hennessey, J.) CT Page 8611
A minority of superior court decisions have found to the contrary. SeeGazza v. Bandit Industries, Inc., Superior Court, Complex Litigation Docket, judicial district of Hartford/New Britain at New Britain, Docket No. 400031 (January 22, 2001, Aurigemma, J.); Rotonto v. AccessIndustries, Inc., Superior Court, judicial district of Hartford, Docket No. 582619 (January 20, 2000, Fineberg, J.); Allstate Ins. Co. v. ChicMiller Chevrolet-Isuzu, Inc., Superior Court, Complex Litigation Docket, judicial district of Hartford/New Britain at New Britain (August 6, 1991, Aurigemrna, J.); and Sebastiano v. Grundfos Pumps Corp., Superior Court, judicial district of Waterbury, Docket No. 160299 (September 19, 2001, Rogers, J.).
The motion to strike is granted as to all counts of the crossclaim.
___________________, J.
ROBERT F. McWEENY