[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
When a movie theater patron cracks a tooth on an unpopped kernel of corn, may he sue the theater based on claims sounding in negligence and recklessness, or is he required to proceed under Connecticut's product liability statutes, General Statutes § 52-572m, et seq.? This is the inquiry unwillingly and unwittingly initiated by Leonard Tombank when he went to the Showcase Cinema in North Haven to see a movie on February 4, 1995.
In the first count of his third revised complaint, the plaintiff alleges that he went to the theater, bought some popcorn and, while watching the film, bit into an unpopped kernel, fracturing his tooth and causing other damages. He alleges negligence on the part of the defendant in a variety of respects, such as the failure to pop the popcorn more thoroughly, the failure to screen out the unpopped kernels, the failure to shake the popcorn so that the heavier[1] hard kernels would fall to the bottom and the failure to discard the bottom layer of the popped product before serving it to customers. The second count, which adds factual allegations about the extent of the defendant's business, the profitability of its popcorn operation and its notice of prior injury claims based on the consumption of unpopped popcorn, alleges that the defendant's "conduct constitutes a reckless indifference to the rights of the plaintiff".
The defendant has moved to strike the complaint in its CT Page 3188 entirety, claiming that our Supreme Court in Winslow v.Lewis-Shepard Inc., 212 Conn. 462 (1989) has held that our products liability statute provides the exclusive remedy for claims falling within its scope. It contends that because the plaintiff's claims are against a product seller and for "harm caused by a product", General Statutes § 52-572n, they are products liability claims and must be brought pursuant to the statute.
It should be noted that the plaintiff originally filed a three-count complaint alleging, respectively, a violation of the Connecticut Products Liability Act, breach of the implied warranty of merchantability, and breach of contract. The defendant filed a request to revise, specifically requesting that the second two counts be deleted along with their corresponding prayers for relief. As with the present motion to strike, the request to revise was based on the defendant's contention that the Connecticut Products Liability Act provided the exclusive remedy.
No court action was taken on the request to revise because the plaintiff filed a revised complaint in which he deleted counts two and three, relating to the implied warranty of merchantability and breach of contract, but included the material allegations of those counts as subparagraphs of the retained products liability count. The defendant then filed a new request to revise.
At the scheduled short calendar argument on this second request to revise, the parties announced an agreement that the plaintiff would file a second revised complaint deleting those subparagraphs of the products liability claim relating to the implied warranty of merchantability and breach of contract, along with their corresponding claims for relief. Instead, however, the plaintiff has filed this second revised complaint which makes no claim whatever under the Connecticut Products Liability Act, but rather, as previously indicated, alleges one count of negligence and another of recklessness.
If the plaintiff had adhered to his original agreement with the defendant, he would have been on more solid ground than that upon which he currently stands.
General Statutes Sec. 52-572m(b) defines a "product liability claim" as follows: CT Page 3189
 "Product liability claim" includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. "Product liability claim" shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent.
"[A] product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes, § 52-572n(a).
Connecticut courts have frequently consulted the Restatement (Second) of Torts for guidance after the adoption of our product liability act, see e.g. Stenson v. The Staver Co., Inc., Docket No. 096006 (August 19, 1992, 1992 Ct. Sup. 7974); Zichichi v.Middlesex Memorial Hospital, 204 Conn. 399, 402-403 (1987); Amesv. Sears, Roebuck Co., 8 Conn. App. 642, 645 (1986); Worrell v.Sacks, 41 Conn. Sup. 179, 180 (Freedman, J. 1989).
Section 402A(1) of the Restatement provides that "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (2) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." The similarity between this section and our product liability act is obvious, and the necessary elements for a cause of action under both are the same.Zichichi, supra, 403.
Comment f to this section of the Restatement discusses the phrase "engaged in the business of selling":
 . . . The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption. It therefore applies to CT Page 3190 any manufacturer of such a product, to any wholesale or retail dealer or distributor, and to the operator of a restaurant. It is not necessary that the seller be engaged solely in the business of selling such products. Thus the rule applies to the owner of a motion picture theatre who sells popcorn or ice cream, either for consumption on the premises or in packages to be taken home. (Emphasis added.)
Our Supreme and Appellate Courts have not specifically adopted the language of this comment. It is apparent, however, that its wording could not be more on point, and this court finds it persuasive.
"[T]he purpose behind the act is to merge the numerous causes of actions and to create one statutory cause of action embracing the various theories of liability." (Citation omitted). UticaMutual Insurance Co. v. Denwat Corp., 778 F. Sup. 592, 596-97 (D. Conn. 1991). Also, see Lynn v. Haybuster Manufacturing, Inc.,226 Conn. 282, 22 (1993). The Products Liability Act is therefore the "exclusive remedy for claims falling within its scope." Winslowv. Lewis-Shepard, Inc., 212 Conn. 462, 471 (1989). Thus, plaintiff "cannot bring a common law cause of action for a claim within the scope of the statute." Id. He may, however, plead alternative common law theories of liability within a claim based on the Products Liability Act. See Skerritt v. Sandor NutritionCorporation, 3 Conn. L. Rptr. 433 (March 26, 1991, Berdon, J.).
In the present case, the plaintiff has alleged common law theories of liability for which the Products Liability Act is the exclusive remedy. In Hoboken Wood Flooring Corporation v.Torrington Supply Co., 42 Conn. Sup. 153, 157 (1992), the court noted that:
 It is clear from the legislative history set forth in Winslow that the legislature intended all product liability claims to constitute a single cause of action; and a complaint setting forth a single cause of action "should be confined to a single count." The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint.
The Connecticut Products Liability Act provides the plaintiff with his exclusive remedy in this case. He is permitted to assert CT Page 3191 alternative common law theories of liability, but he must do so in a single count complaint grounded in the Connecticut Products Liability Act.
The motion to strike is therefore granted.
Jonathan E. Silbert, Judge