[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 149 AND OBJECTIONCT Page 13447NO. 157
This action arises out of an underlying cause of action brought in negligence by the plaintiffs, Christopher, Margaret and Andrew Grimalda, against the defendants Stew Leonard's of Danbury, a partnership comprised of the four individual defendants, Stewart J. Leonard, Jr., Thomas P. Leonard, Lizabeth Leonard Hollis, and Jill Leonard Tavello ("Stew Leonard's"). On March 2, 1995, the plaintiffs filed a complaint in which they allege that Christopher, a minor, suffered an injury resulting in the loss of a finger due to the negligence of the defendants in their operation of a dangerous milk conveyor belt. On January 5, 1996, the defendants filed a third party complaint with a request for apportionment of liability against the alleged designer and manufacturer of the conveyor belt, Westco FG Corp. ("Westco"). On September 5, 1996, the court, Moraghan, J., granted the plaintiffs' motion to cite in the third part, v. defendant Westco as a party defendant. On January 22, 1997, the plaintiffs filed a revised four count complaint in which, in count four, they state a claim against defendant Westco. On February 3, 1997, Westco filed the present motion to strike count four of the plaintiffs' revised complaint. The motion was properly accompanied by a memorandum of law pursuant to Practice Book § 155. On May 13, 1997, the plaintiffs filed a memorandum in opposition.
In addition, on May 13, 1997, the plaintiffs filed a request for leave to file an amended complaint, the fourth count of which makes the same allegations as the fourth count in the revised complaint. The defendant Westco objected to the plaintiff's leave to amend the revised complaint. Therefore, the court has before it the motion to strike the fourth count of the revised complaint and the objection thereto No. 149.
On November 24, 1997, subsequent to oral argument on the motion to strike, the defendant Westco withdrew its objection dated May 15, 1997, to the plaintiff's request for leave to amend the complaint.
Thereafter both parties filed supplemental memoranda of law. The court, nevertheless, addresses the issue of the fourth count in the interests judicial economy as it remains the same in both the revised complaint and the amended complaint. CT Page 13448
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Citations omitted; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id. The court "must . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (internal quotation marks omitted.) Kelly v. Figueiredo,223 Conn. 31, 32, 610 A.2d 1296 (1992). The motion to strike "admits all facts well pleaded." Napoletano v. Cigna Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v. United Technologies Corp., supra,240 Conn. 580. "This includes the facts necessarily implied and fairly provable under the allegations." Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993).
The defendant Westco argues that count four of the plaintiffs' revised complaint fails to state a cause of action for which relief may be granted. Specifically, the defendant argues that the plaintiffs allege in count four negligent design of the milk conveyor by Westco. The defendant further argues that the language of the complaint is not couched within the context of a cause of action in product liability pursuant to General Statutes §§ 52-572m through § 52-572q, which is the exclusive remedy for the allegation of negligent design. The plaintiffs counter that count four sounds in negligence because its language contains quoted language from count four of Stew Leonard's third party complaint which sounds in negligence and requests apportionment.
Count four of the plaintiffs' complaint alleges the following: "1. By complaint dated October 8, 1996, defendants Stewart J. Leonard, Jr., Thomas Leonard, Lizabeth Hollis Leonard and Jill Tavello Leonard and Stew Leonard's of Danbury, Inc. have claimed that the injuries suffered by the minor plaintiff, Christopher Grimalda, [as described above], were due to the negligence of the third party defendant, WESTCO, in that WESTCO `was negligent in failing to properly design the milk carton conveyor system.' 2. If the third party defendant WESTCO was negligent as alleged by the defendants, then such negligence by WESTCO was the cause of injuries to the minor plaintiff, Christopher Grimalda." CT Page 13449
The plaintiffs argue that "Westco should not be permitted to avoid apportionment as claimed by the plaintiff where its negligence will be the subject of litigation in the third party complaint." This argument is without merit. The court cannot, based on the pleading read in a light most favorable to the nonmoving party, Faulkner v. United Technologies Corp., supra,240 Conn. 580, discern what cause of action the plaintiffs are attempting to set forth in the fourth count. In their brief in opposition to the motion to strike, the plaintiffs argue they are setting forth an apportionment claim because Westco has denied the material allegations of the third party complaint. If the claim is indeed for apportionment, then a brief review of the purpose of apportionment suggests that a plaintiff may not so plead. No reported case has addressed this procedural issue. An apportionment claim, however, allows "those individuals named as defendants by the plaintiff to avoid having to pay damages for which they were not responsible." (Emphasis added.)Donner v. Kearse, 234 Conn. 660, 669, 662 A.2d 1269 (1995). Apportionment is not a plaintiff's remedy for relief. General Statutes § 52-102b (a) provides in relevant part: "Adefendant in any civil action to which section 52-572h applies may serve writ, summons and complaint upon a person not a party to the action who is or may be liable . . . for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." (Emphasis added.) "[A] judgment against joint tortfeasors establishes their liability to the plaintiff for the entire amount of the damages but does not adjudicate their responsibility between and among themselves to pay the judgment." Reilly v. DiBianco,6 Conn. App. 556, 570 n. 9, 507 A.2d 106
(1986), cert. denied, 200 Conn. 804,510 A.2d 192 (1986). Thus, an apportionment complaint is a defendant's remedy against third person, not a plaintiff's remedy. Therefore, the plaintiffs' incorporation of the apportionment request of the defendant/third party plaintiffs' complaint for apportionment is improper.
In addition, the motion to strike is granted inasmuch as the product liability statute must be alleged in a claim alleging negligent design. The Connecticut Product Liability Act is found in General Statutes §§ 52-572m through 52-572q. Section 52-572n of the product liability statute provides in relevant part: "(a) A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, CT Page 13450 including actions of negligence, strict liability and warranty, for harm caused by a product." The product liability statute,52-572n (a), has been held to provide the exclusive remedy for common law causes of action that fall within the scope of the statute. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 468,562 A.2d 517 (1989); see also Daily v. New Britain Machine Co.,200 Conn. 562, 571, 512 A.2d 893 (1986). "The legislature clearly intended to make our products liability act an exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard,Inc., supra, 212 Conn. 471. "[The bill provides for] a single . . . cause of action." (Internal quotation marks omitted.) Id., 470. "[W]e're really abolishing . . . the various causes of actions that have been brought in cases which we normally would call products liability cases. For example, the theory of strict liability, warranty, negligence and contract. They would all be now merged into one cause of action which has been created by statute." (Internal quotation marks omitted.)Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 292 n. 9,627 A.2d 1288 (1993). "The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint. . . . [The plaintiff] is permitted to assert alternative common law theories of liability, but he must do so in a single count complaint grounded in the Connecticut Products Liability Act." Tombank v. National Amusements, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 249246 (April 19, 1996, Silbert, J.) (16 Conn. L. Rptr. 469).
In Winslow, the court concluded "that the trial court acted correctly in granting the defendants' motion to strike the common law counts of products liability from the plaintiff's complaint on the basis that our products liability act provides the exclusive remedy for such claims." Winslow v. Lewis-Shepard,Inc., supra, 212 Conn. 471. The court in Tombank granted the defendant's motion to strike where the plaintiff alleged common law theories of liability "for which the Products Liability Act is the exclusive remedy." Tombank v. National Amusements, Inc., supra, 16 Conn. L. Rptr. 469.
Practice Book § 109A (a) provides in relevant part: "[w]hen any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." Assuming arguendo that the plaintiff intended count four to sound in product liability, the plaintiff failed to cite General Statutes § 52-572m through § 52-572q as the basis for the CT Page 13451 complaint. However, this, on its face, is not a fatal flaw. "Section 109A is merely directory and not mandatory." Steele v.Stonington, 225 Conn. 217, 221 n. 7, 622 A.2d 551 (1993). However, "[t]he purpose of this rule . . . is self-evident. . . . It was clearly designed to make future pleadings more specific, detailed and particularly informative by pinpointing statutory authority. Such a rule promotes the often expressed judicial policy of full, informative, comprehensive and open disclosure of legal claims, which promotes the identification, narrowing and resolution of issues before the court." (Emphasis in original.) HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 653 A.2d 122 (1995).
"There is nothing wrong with a product liability claim that proceeds on the basis of an alleged breach of warranty [or negligent misrepresentation], for that is expressly contemplated by the definition of `product liability claim' § in 52-572
(b)." Hoboken Wood Flooring Corporation v. Torrington Supply Co.,42 Conn. Sup. 153, 156, 606 A.2d 1006 (1991). "[U]nder the rules of practice governing pleading, a party may plead legal effect as long as the pleading fairly [apprises] the adverse party of the state of facts which it is intended to Prove." (Internal quotation marks omitted.) D'Ulisse-Cupo v. Board of Directors ofNotre Dame High School, 202 Conn. 206, 220, 520 A.2d 217 (1987). The issue here, then, is whether the plaintiffs' allegations sufficiently plead the legal effect of a definitive citing to the product liability act. As noted earlier, the court is unable to determine what the plaintiffs intended to plead in count four. It follows, therefore, that the plaintiffs' reference to the claims in the defendant/third party plaintiffs' complaint does not set forth adequately the minimum allegations necessary to support a product liability claim that sufficiently apprises the defendant, Westco, of the claim being made against it.
For the foregoing reasons, the defendants' motion to strike count four of the plaintiffs' complaint is granted.
Leheny, J.